**In the Matter of the ESTATE of Oriel BUCKNER, Deceased.**

**Thomas BUCKNER et al., Appellants,**

**v.**

**Reedis BUCKNER, Appellee.**

**No. 52902.**

Supreme Court of Oklahoma.

April 8, 1980.

---

**1286**

Gotcher, Gotcher & Taylor, McAlester, for appellants.

Hackler & Parkhurst, McAlester, for appellee.

IRWIN, Vice Chief Justice.

Appellants unsuccessfully challenged the admission to probate of the Last Will and Testament of Oriel Buckner, Deceased. In awarding costs against appellants, the trial court included attorney fees incurred by the estate in the amount of $4,500.00 and a witness fee of $50.00. Appellants appealed.

We should first consider appellee's contention that appellants failed to timely prosecute this appeal. This argument is premised upon appellee's contention that the trial court assessed these items as costs in an order issued on September 25. Since the petition in error was not filed until October 27, appellee contends that the jurisdictional thirty-day period had elapsed. The record does not support appellee's claim. The issue of costs was brought to the attention of the trial court by means of a "Motion to Assess Costs" which requested that four different items be included in the assessment of costs, including the items questioned on appeal. In its order of September 25, the trial court sustained the motion, "except as to items C and D [items questioned on appeal] therein" and set the motion for further hearing in order to set the amount of attorney and witness fees. Although the trial court apparently intended to award attorney fees and witness fees as part of the costs upon the later hearing, the order clearly refrains from sustaining the Motion to Assess Costs as it applies to those items. No final order was issued until October 12, at which time the trial court rendered a judgment against the appellants for all the costs requested including the questioned items. It was on that date that appeal time started to run, and the petition in error was timely filed.

Appellee contends that the attorney and witness fees are authorized in this case by the provisions of 58 O.S. 1971, § 66:

"The fees and expenses must be paid by the party contesting the validity or probate of the will, if the will in probate

be confirmed. If the probate be annulled and revoked; ·the costs must be paid by the party who resisted the revocation, or out of the property of the decedent, as the court directs."

The trial court awarded the questioned fees under the authority of that section, and the appellee relies upon it in support of the trial court's authority to award the fees.

Section 66 is not applicable to the proceeding involved here. This is a contest of the will prior to its admission to probate. Section 66 is codified in that portion of the probate code dealing with contesting wills after probate. Its provisions clearly contemplate an "after probate" contest. Any discretion authorized in section 66 for awarding of "fees and expenses" or "costs", is not applicable to contests "before probate."

As a general rule, attorney fees are not recoverable in the absence of statute or specific contractual authority. *Hanska v. Hanska*, Okl., 395 P.2d 648 (1966). Since section 66 is not applicable to the case at bar and appellee offers no other statutory authority for the recovery of such fees, it must be concluded that the trial court erred in awarding them. We offer no view as to whether section 66 authorizes the allowance of attorney fees.

The same may be said of the award of the witness fee to the extent that it is not founded upon the provisions of 28 O.S. 1971, § 81. *Sloan v. Owen*, Okl., 579 P.2d 812 (1978). Accordingly, the order of the trial court awarding attorney and witness fees is reversed, and the case is remanded with the views expressed herein.

Reversed and remanded with instructions.

LAVENDER, C. J., and WILLIAMS, BARNES, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.