Ed ABEL, Sidney A. Musser, Jr., and Malcolm Hall and the Law Firm of Abel, Musser & Sokolosky, Appellants,

v.

Cleta TISDALE, Guardian Ad Litem for Rhonda Sue Tisdale, a minor, and Debra Jean Tisdale, a minor, Appellees.

No. 57034.

Supreme Court of Oklahoma.

Nov. 22, 1983.

Rehearing Denied Jan. 10, 1984.

Earl D. Mills and Reggie N. Whitten, Foliart, Mills & Niemeyer, Oklahoma City, for appellants.

Don Hamilton, Oklahoma City, for appellees.

DOOLIN, Justice:

In 1975, Jerry Tisdale was killed in a motor vehicle accident. Cleta Tisdale, his wife, hired the appellants on a contingent fee basis to represent her and her two daughters in their prosecution of a wrongful death action. The trial court, Joe Cannon, Judge, directed a verdict as to liability in favor of the plaintiffs, and the jury returned a verdict for $800,000.00 in damages, apportioned equally between defendants, Wheeler Brothers Grain Company and Acid Engineers, Inc. Both defendants appealed. While the case was pending on appeal, Acid Engineers settled their portion of the case for a value of $350,000.00 in cash and annuities. The court approved the settlement for the two minor children, and awarded the appellants one-third of the recovery, paid equally by the mother and the children.

Wheeler Brothers Grain Company pursued its appeal unsuccessfully in the Oklahoma Court of Appeals. While a petition for writ of certiorari was pending before this court, Wheeler Brothers settled its portion of the case, agreeing to pay $70,000.00 cash to the mother and each of the two girls. The mother was also to receive $521.50, the older girl $493.80 and the younger girl $494.80 monthly for life. This settlement is valued by appellants at $537,484.00.

The court awarded the appellants $59,720.44, one-third of the value of the mother's recovery, pursuant to the contingent fee arrangement. As for the girls, however, the court ordered each to pay $32,000.00 to the appellants. The total attorney fee paid by the Tisdales was $240,387.11.

The attorneys appealed that award in *Tisdale v. Wheeler Brothers Grain Co.*, 599 P.2d 1104 (Okl.1979), wherein we held that the attorneys had standing to appeal and denied a motion to dismiss the petition in error. We reached the issue of the attorney fees in *Abel v. Tisdale*, 619 P.2d 608 (Okl. 1980), where we held that the trial court had the authority to reduce the children's attorney fee inasmuch as the children were not bound by their mother's contingent fee contract. We remanded the case for an evidentiary hearing, however, noting, *id.* at 612:

"The record, while containing evidence of the fairness of the contracted fee and the amount of work done by the attorneys, is void of evidence upon which the trial court could base his fee reduction. While the trial court has the authority to reduce a child's attorney fee, such reduction must be supported by evidence; it cannot be arbitrary and must be as a result of an adversary proceeding."

On remand the trial court reduced the fees even further upon hearing evidence that the annuities had been overvalued, and also ordered the appellants to pay their former clients for litigation expenses incurred in defending against the appellants' quest for higher fees.

The appellants contend that the trial court abused its discretion in setting the attorney fees for the children at less than one-third of their recovery. Appellants also argue that the trial court erred in reducing the attorney fees even further by reevaluating the value of the settlement to the Tisdales. Finally, the appellants contend that the court had no authority to award attorney fees for the children.

## I

Appellants argue there was no evidence presented by the Tisdales to support the setting of the fee at less than the one-third requested. At the remand hearing the appellants introduced testimony of several practicing attorneys who were of the opinion that the appellants were entitled to at least one-third of their former clients' recovery. The Tisdales presented no evidence to show that the requested fee was too large, or to support the trial court's fee reduction. The thrust of the Tisdale's evidence was an attack on the value of the approved settlement. The Tisdales also questioned the decision to enter into the settlement, but did not dispute the uncontradicted evidence that the decision to settle the case was made by the children's mother, not by their attorneys.

An award of attorney fees should be based on the factors enumerated in our Code of Professional Responsibility, 5 O.S. 1981, Ch. 1, App. 3. Disciplinary Rule 2–106(B) lists eight variables to guide a court in fixing a reasonable attorney fee:

"(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent."

The appellants presented evidence bearing on factors 1, 3, 4, 7 and 8. The Tisdales presented little or no evidence pertaining to any of these variables. Without objective evidence upon which the trial court could support its fee reduction, the court entered "the realm of speculation and guesswork" we denounced in *State ex rel. Burk v. City of Oklahoma City,* 598 P.2d 659, 663 (Okl. 1979). We order the trial court to enforce the contingency fee contract.

## II

The evidence introduced by the Tisdales at the remand hearing concerned the discrepancy between the cost of the settlement to the original defendants and the value placed on the settlements by the appellants. Both settlements, as approved by the trial court, were partially in cash and partially in annuities. The Tisdales contended that the appellants chose an improper method to compute the actual value of the annuities and were consequently awarded excessive fees. The trial court, after hearing the Tisdales' evidence, reduced the attorney fees an additional $10,000.00, and ordered the appellants to reimburse each girl $5,000.00.

The testimony presented by the Tisdales showed that the actual cost of the annuities, purchased on behalf of the original defendants by the defendants' insurers, was less than the market value of those annuities. Insurance companies can apparently purchase annuities for a cost less than that paid by individual consumers. The appellants estimated the value of the annuities by determining what the Tisdales would have paid for the annuities. The trial court rejected this method, using the actual cost of the annuities to the defendants as his guide. He reasoned that the benefit of a bargain should go to the client, not the attorney. He erred in failing to recognize that the benefit of this "bargain," if any, went neither to the plaintiffs nor their attorneys, but to the settling defendants. The value of an annuity should be determined by reference to the market value because an annuity can be converted to cash by the person who holds it.

The Tisdales presented no evidence to show that the value placed on the annuities by the appellants was unreasonable or unfair. They showed only that this estimated value exceeded the actual cost to the defendants. Since the Tisdales did not attempt to ascertain the fair market value of the annuities, the value placed on the annuities by the appellants will stand.

### III

The trial court appointed an attorney to represent the Tisdales against the appellants, and awarded him $3,250.00 as attorney fee, to be paid, in addition to costs, by the appellants.

Oklahoma law does not recognize any common-law right to have an adverse party pay one's attorney fees. *National Educators Life Ins. Co. v. Apache Lanes, Inc.,* 555 P.2d 600 (Okl.1976); *Owens v. Clark,* 177 Okl. 519, 61 P.2d 201 (1936). The right to recover attorney fees and costs rests upon statutes, and they cannot be allowed in the absence of statutory authority. *In Re Estate of Buckner,* 609 P.2d 1285 (Okl.1980); *Gaylord v. State ex rel. Department of Highways,* 540 P.2d 558 (Okl.1975). We have abrogated this rule only where the adverse party has acted in bad faith. *City National Bank v. Owens,* 565 P.2d 4 (Okl. 1977).

We therefore reverse the trial court's order awarding attorney fees to the Tisdales.

We also deny the Tisdales' request for attorney fees incident to the appeal since the Tisdales are not the prevailing party on appeal. 20 O.S.1981, § 15.1.

REVERSED.

BARNES, C.J., and IRWIN, LAVENDER and WILSON, JJ., concur.

OPALA, J., concurs in Part I, concurs in result in Part II, concurs in part, dissents in part in Part III.

SIMMS, V.C.J., and HODGES, J., dissent.