Billy Dean CHAMBERLAIN, Petitioner,

v.

AMERICAN AIRLINES and Travelers
Insurance Company, Respondents.

No. 66017.

Supreme Court of Oklahoma.

July 14, 1987.

Wilson Jones and Bryce Hill, Frasier & Frasier, Tulsa, for petitioner.

Jerry H. Holland and Arthur H. Adams, Sanders & Carpenter, Tulsa, for respondents.

KAUGER, Justice.

The only issue presented by the petitioner/claimant, Billy Dean Chamberlain, is whether, after he was awarded compensation for permanent total disability, the attorney fees awarded to his lawyer should be commuted to a lump-sum payment or if the fees should be paid periodically. We find that pursuant to 85 O.S. 1981 §§ 22(1), 41(B) and 48, attorney fees should be commuted to a lump sum.

The respondents and cross-petitioners, American Airlines and Travelers Insurance Company, assert that both the trial court and the review panel of the Workers' Compensation Court erred by failing to credit their payments for fourteen weeks of compensation mandated by 85 O.S. 1981 § 22,[1] and for wages paid to the claimant in lieu of compensation for a four-month period prior to the award for permanent total disability. We find that 85 O.S. 1981 § 41.1 prohibits any deduction from the amount of the claimant's award or any credit for payments made either in lieu of compensation or for the satutorily mandated fourteen weeks of compensation.

The trial court found that the claimant was permanently and totally disabled as the result of multiple surgeries for hernias. It awarded compensation at the statutory rate of $212.00 per week combined with a lump-sum payment of $14,204.00 for the sixty-seven weeks which had accrued at the time of the award. In addition, the claimant's award for attorney fees was commuted to a lump-sum of $21,200.00 with the proviso that the employer, American Airlines, could recover the fees at the rate of 10% per week from the weekly payments made to the claimant. The review panel affirmed both the award for permanent total disability and the attorney fees, but it reversed the manner of payment of the attorney fees. Under the panel's formula, the attorney was to be paid $2,840.80 from the accrued portion of the award and $212.00 every fifth week for a period not to exceed five-hundred weeks. In essence, the review panel's decision prohibited any payment to the claimant every fifth week.

I

## ATTORNEY FEE AWARDS IN WORKERS' COMPENSATION CASES MAY NOT BE SATISFIED BY DEPRIVING THE RECIPIENT OF WEEKLY PERIODIC PAYMENTS

Once it has been determined that a claimant is entitled to recover under the Workers' Compensation Act, there are three provisions which must be considered before the disbursement of benefits can be accomplished: 1) 85 O.S. 1981 § 22(1),[2] 2)

---

1. Title 85 O.S. 1981 § 22 provides in pertinent part:
   "The following schedule of compensation is hereby established....
   3. Permanent Partial Disability. In cases of disability partial in character but permanent in quality, the compensation shall be sixty-six and two-thirds percent (66⅔%) of the employee's average weekly wages, and shall be paid to the employee for the period named in the schedule as follows: Hernia: In case of an injury resulting in hernia, temporary total compensation for fourteen (14) weeks ..."

2. Title 85 O.S. 1981 § 22(1) provides:
   "Permanent Total Disability. In case of total disability adjudged to be permanent, sixty-six and two-thirds percent (66⅔%) of the employee's average weekly wages shall be paid to the employee during the continuance of such total disability."

85 O.S. 1981 § 41(B),[3] and 3) 85 O.S. 1981 § 48.[4] In the event of permanent total disability, § 22(1) provides that 66⅔% of the employee's weekly wages *shall* be paid to the employee.[5] Section 41(B) states that awards for permanent total disability are to be made under § 22, and that the Court *shall* make a determination that the claimant will be entitled to receive *weekly* income benefits.[6] Section 48 mandates that "claims for compensation or benefits due under the Workers' Compensation Act shall not be assigned, released or commuted ..." except as provided under the Act, and that *"benefits shall be paid only to employees ..."*.[7]

All three sections of the Act contain mandatory and directory language rather than permissive and discretionary verbiage.[8] When the mandate of the Act is followed, as a matter of law, the claimant must receive weekly income benefits.

## II
## ATTORNEY FEE AWARDS IN CASES WHERE THE CLAIMANT IS

## FOUND PERMANENTLY AND TOTALLY DISABLED ARE TO BE PAID IN A LUMP–SUM

■ The determination that attorney fee awards may not be satisfied by depriving the compensation claimant of weekly benefits is readily reached through a careful reading of the statutes. The method by which the employer is to recover such fees if there is an award for permanent total disability is a more difficult problem. The respondents argue that because the review panel is empowered to modify the trial court's order regarding the way attorney fees are paid, this Court has no jurisdiction to review the modification. We agree with the respondents that we have long-recognized that whether to award an attorney fee is within the exclusive jurisdiction of the Workers' Compensation Court.[9] We do not agree that this recognition removes all questions involving attorney fees from our jurisdiction, or that under appropriate circumstances, the findings of the Workers' Compensation Court concerning attorney fees may not be reviewed on appeal.[10]

3. Title 85 O.S. 1981 § 41(B) provides:
"Awards for permanent total disability shall be made by the Court under Section 22 of this title. The Court shall make a determination that the claimant will be entitled to receive the weekly income benefits provided in this title as long as his permanent total disability continues to exist. When an award for total permanent disability becomes final, the accrued portion thereof shall operate as a final adjudicated obligation and payment thereof may be enforced by the claimant. In proceedings to enforce claims for total permanent disability, the compensation under the provisions of the Workers' Compensation Act shall be payable periodically and shall be so provided in any award made thereon. Total permanent disability awards shall not be commuted to a lump-sum payment except as to legal services as provided herein."

4. Title 85 O.S. 1981 § 48 provides:
"Claims for compensation or benefits due under the Workers' Compensation Act shall not be assigned, released or commuted except as provided by the Workers' Compensation Act, and shall be exempt from all claims of creditors and from levy, execution or attachment or other remedy for recovery or collection of a debt, which exemption may not be waived. Compensation and benefits shall be paid only to employees; provided, that if an employee dies as a result of his accidental personal injury or occupational disease, any unaccrued portions of an award or order for compensation benefits shall abate."

5. Title 85 O.S. 1981 § 22(1), see note 2, supra.

6. Title 85 O.S. 1981 § 41(B), see note 3, supra.

7. Title 85 O.S. 1981 § 48, see note 4, supra.

8. See *State ex rel. Cartwright v. Oklahoma Natural Gas,* 640 P.2d 1341, 1345 (Okl.1982); *Shea v. Shea,* 537 P.2d 417, 418 (Okl.1975).

9. *Peabody Galion Corp. v. Kropp,* 658 P.2d 1155, 1157 (Okl.1983); *Becknell v. State Industrial Court,* 512 P.2d 1180, 1184 (Okl.1973); *Conrad v. Industrial Comm.,* 181 Okl. 324, 73 P.2d 858, 860 (1937). See also, 85 O.S. 1981 § 30, see infra, note 14.

10. *Davis v. Gustine Construction Co.,* 445 P.2d 260, 262 (Okl.1968). We have also recognized that the attorney is entitled to the same consideration as the claimant, and that when the rights of the attorney are involved, the attorney may petition for review of an award entered by the Workers' Compensation Court. *Conrad v. Industrial Comm.,* see note 9, supra at 862. See also, *State ex rel. Oklahoma Bar Ass'n v. Mason,* 380 P.2d 961, 964 (Okl.1963).

The Legislature has determined that the American rule, which provides that in the absence of a statute or a contract each party to a suit is required to pay his own attorney fees,[11] prevails insofar as attorney fees in workers' compensation cases are concerned. However, the Legislature also has recognized that claimants entitled to compensation may not, without the benefit of the award, be able to afford a lawyer. Because in the absence of bad faith there is no common law right to recover one's attorney fees from an adverse party,[12] any recovery here rests upon the statute.[13] The Act provides for a court-approved contingent-fee arrangement by which attorney fees are to be paid from the claimant's award.[14] Such attorney fees are necessarily post-judgment awards because the claimant must prevail before attorney fees may be imposed.

In cases involving permanent total disability, the question regarding attorney fees is not whether the trial court may award a lump-sum fee,[15] but whether it must do so in order to comply with Title 85. Therefore, we could summarily affirm the trial court's award of a lump-sum fee. We choose not to do so, mostly because of the existing confusion about how these fees are to be awarded, the need to settle existing uncertainty in order to avoid future problems, and the inconsistent manner in which attorney fees are ordered to be paid.[16] In most cases involving general provisions authorizing the trial court in workers' compensation cases to commute unaccrued compensation to a lump sum, the court may also properly commute a portion of the claimant's award to pay the

11. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141, 144 (1975); *Sierra Club v. U.S. Army Corps of Eng'rs,* 776 F.2d 383, 390 (2nd Cir.1985); *Espino v. Besteiro,* 708 F.2d 1002, 1005 (5th Cir.1983); *Campana v. Muir,* 615 F.Supp. 871, 873 (M.D.Pa.1985); *City Nat'l Bank & Trust Co. of Oklahoma v. Owens,* 565 P.2d 4, 7 (Okl.1977).

12. *Abel v. Tisdale,* 673 P.2d 836, 389 (Okl.1983); *Nat'l Educators Life Ins. Co. v. Apache Lanes,* 555 P.2d 600, 601 (Okl.1976); *Owens v. Clark,* 177 Okl. 519, 61 P.2d 201, 203 (1936).

13. *United Gen. Ins. Co. v. Crane Carrier Co.,* 695 P.2d 1334, 1335 (Okl.1984); *Abel v. Tisdale,* see note 12, supra; *In re Estate of Buckner,* 609 P.2d 1285, 1287 (Okl.1980); *Gaylord v. State ex rel. Dept. of Highways,* 540 P.2d 558, 562 (Okl.1975). For limited exceptions to the general rule, see, *City Nat'l Bank & Trust Co. of Oklahoma v. Owens,* note 11, supra.

14. Title 85 O.S. 1981 § 30 is entitled "Costs— How Taxed" and provides:
"If the court before which any proceedings for compensation or concerning an award of compensation have been brought, under the Workers' Compensation Act, determines that such proceedings have not been brought on a reasonable ground or that denial of benefits has not been based on a reasonable ground, the Court shall assess the total costs of the proceedings on the party, who has brought them or the party who has unreasonably denied payments of benefits. Claims for services or treatment rendered or supplies furnished pursuant to Section 14 of this Title shall not be enforceable unless approved by

the Court. If approved, such claim shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the Court. *A claim for legal services shall be determined by the Court on a quantum meruit basis;* provided, that such claim shall not exceed ten percent (10%) of the amount of the award for temporary disability and shall not exceed twenty percent (20%) of the amount of the award for permanent disability or death benefit. *Claims for legal services for temporary disability awards shall be paid periodically. Claims for legal services for permanent partial disability award may be paid in a lump sum, the sum to be deducted from the end of the award. Claims for legal services for permanent total disability awards or death awards may be paid in a lump sum which shall be deducted from the periodic compensation payments at a rate of ten percent (10%) per payment until the attorney fee is satisfied."* (Emphasis supplied)

15. Lump-sum payments to attorneys on permanent total disability awards have been found to be within the discretion of the trial court. See, *Denver Producing and Refining Co. v. Whatley,* 199 Okla. 687, 190 P.2d 154, 155 (1948); *Eagle Picher Mining and Smelting Co. v. Lamkin,* 189 Okla. 463, 117 P.2d 519, 523 (1941); *M.T. Smith and Son Drilling Co. v. Cox,* 146 Okla. 135, 21 P.2d 496–97 (1933).

16. The conflict in this area is evident not only in the difference of opinion between the trial court and the review panel, it was also raised in a companion case, *Boston v. Goodyear,* No. 66,-031 (July 14, 1987), —— P.2d ——, (Okl.1987), also decided today.

attorney's fee.[17] Additionally, when a statute provides that the fee shall be reasonable, the term "reasonable" is interpreted to encompass both the amount and kind of fee—lump sum or periodic.[18] In Oklahoma, the payment of attorney fees in cases involving permanent total disability is addressed in two sections of the Act, 85 O.S. 1981 § 30 and 85 O.S. 1981 § 41(A), (B). Title 85 O.S. 1981 § 30 states that claims for legal services for permanent total disability awards may be paid in a lump-sum.[19] Subsections (A) and (B) of 85 O.S. 1981 § 41 also address the payment of legal fees in such cases. Subsection (A)[20] provides that attorney fees are to be based upon a maximum of a five-hundred-week award which may be commuted to a lump-sum payment. Subsection (B)[21] does not speak

directly to the award of these fees but it does refer to lump-sum payment of legal services, "as provided herein." This language undoubtedly refers to subsection A. The only language in subsection (A) referring to payment of attorney fees assumes a commutation to a lump-sum payment.[22] The pertinent language from § 30 provides:

> "Claims for legal services for permanent total disability awards ... may be paid in a lump sum which shall be deducted from the periodic compensation payments ..."

A casual reading of this language might lead one to believe that the commutation of the fee into a lump sum is discretionary because the term "may" is used to refer to the commutation.[23] However, the whole sentence must be carefully construed to determine its meaning. Once the sentence

**17.** Annot., "Compensation of Attorneys for Services in Connection with Claims under Workmens' Compensation Act," 159 A.L.R. 912, 955–56 (1945).

**18.** *Conway v. Blackfeet Indian Dev., Inc.,* 702 P.2d 970, 973 (Mont.1985); See also, *Swan v. Sletten Constr. Co.,* 726 P.2d 1170, 1171 (Mont. 1986).

**19.** Title 85 O.S.1981 § 30, see note 14, supra.

**20.** Title 85 O.S. 1981 § 41(A) provides:
"Awards for permanent partial disability under Section 22 of this Title shall be made for the total number of weeks of compensation which the Court shall find the claimant will be entitled to receive, less any sums previously paid which the Court may find to be a proper credit thereon. When the award becomes final, the whole sum or any unpaid portion thereof shall operate as a final adjudicated obligation and payment thereof may be enforced by the claimant or in case of his death, by the surviving beneficiary entitled to the proceeds as provided in Section 48 of this Title. All awards shall be paid by periodic installments as determined by the Court. *Whenever an injured person receives an award for* permanent partial disability, *permanent total disability* or death benefits, *the injured employee or claimant, for good cause shown, may have the award commuted to a lump-sum payment* by permission of the Court. *The lump-sum payment shall not exceed Four Thousand Dollars ($4,000.00) or twenty-five percent (25%) of the total award, whichever is the larger sum.* However, *attorney fees shall be based upon not more than a five-hundred-week award. Such commutation shall be in addition to any commutation to a lump-sum payment for legal services.* The balance of the total award shall be paid in periodic install-

ments. In case of the death of a claimant due to causes other than his accidental personal injury or occupational disease at any time before satisfaction or payment of the total award is made, the award shall not abate, but shall be revived in favor of the persons determined by the Court to be entitled thereto. In proceedings to enforce claims for compensation during a period of healing or temporary total disability, the compensation under the provisions of the Workers' Compensation Act shall be payable periodically, in accordance with the method of payment of the wages of the employee at the time of his injury, and shall be so provided for in any award made." (Emphasis supplied)

**21.** Title 85 O.S. 1981 § 41(B) provides:
"Awards for permanent total disability shall be made by the Court under Section 22 of this title. The Court shall make a determination that the claimant will be entitled to receive the weekly income benefits provided in this title as long as his permanent total disability continues to exist. When an award for total permanent disability becomes final, the accrued portion thereof shall operate as a final adjudicated obligation and payment thereof may be enforced by the claimant. *In proceedings to enforce claims for total permanent disability, the compensation under the provisions of the Workers' Compensation Act shall be payable periodically and shall not be commuted to a lump-sum payment except as to legal services as provided herein."* (Emphasis supplied)

**22.** Title 85 O.S.1981 § 41(A), see note 20, supra.

**23.** *State ex rel. Cartwright v. Oklahoma Natural Gas* and *Shea v. Shea,* see note 8, supra.

is carefully dissected, it is obvious that the word, "may", is not the term crucial to the understanding of legislative intent. The operative language controlling the necessary construction of the sentence is the language referring to how attorney fees are to be retrieved.[24]

Section 30 sets forth the only way an employer or insurance carrier may recover attorney fees after an award for permanent total disability has been ordered—an allowance of a ten percent deduction in each of the monthly payments until the fee is satisfied.[25] Because the sole arrangement for recovery of attorney fees is delineated in § 30, and because the recovery is based upon a lump-sum payment, the commutation to a lump sum is mandatory if there is an award for permanent total disability. *If it were not so, there would be no statutory procedure for employers and insurers to recoup attorney fees.*

█ The respondents contend that lump-sum payments are inequitable in cases of permanent total disability because the possibility exists that the claimant will physically recover; and if he/she does, they will not be reimbursed for the previously-paid attorney fees. We are not unsympathetic to this argument, but we are not faced with that problem here. Rules of construction require that statutes be construed to avoid conflict between provisions.[26] There is no true conflict—one section does not require periodic payment of attorney fees while the other demands a lump-sum payment. The statutes must be construed to harmonize one section with the other giving reasonable effect to all.[27] When this rule is followed, the inevitable outcome is that attorney fees awarded in conjunction with permanent total disability cases must be commuted to a lump sum and recovered at the rate of ten percent from each of the periodic payments until the fee is recouped. We find the statutes to be controlling, and that it is for the Legislature, not this Court, to provide for contingent possibilities.

## III

### A CLAIMANT'S AWARD MAY NOT BE REDUCED BY PAYMENTS MADE IN LIEU OF COMPENSATION OR STATUTORILY MANDATED PAYMENTS

█ The employer and insurer assert that both the trial court and the review panel erred by failing to credit the payments for fourteen weeks of compensation mandated by 85 O.S. 1981 § 22,[28] and for wages paid to the claimant in lieu of compensation for a four-month period prior to the award for permanent total disability. An examination of the pleadings and of the Workers' Compensation Court transcript does not reflect that either the issue of credit for fourteen weeks of statutorily mandated compensation or for wages paid to the claimant in lieu of compensation for a four-month period prior to the claimant's award for permanent total disability were raised at the initial hearing. However, because this argument is highly persuasive, and because facially, it appears to present a case of plain error, we must consider it.

█ The respondents rely upon *Claremore Health Center v. Lunsford,* 394 P.2d 498–99 (Okl.1964), in which this Court construed two provisions of the Workers' Compensation Act: 85 O.S.Supp.1957 § 41.1 [29]

**24.** See, Sturm, "The Workers' Compensation Act of 1977," 3 Okla. City U.L.Rev. 1, 31 (1978) ("The Law provides that ... reasonable attorney fees ... shall be deducted from the award of the claimant".); See also, 85 O.S. 1981 § 30, note 14, supra.

**25.** Title 85 O.S.1981 § 30, see note 14, supra.

**26.** *AMF Tubescope Co. v. Hatchel,* 547 P.2d 374, 379 (Okl.1976).

**27.** *Territory ex rel. Sampson v. Clark,* 2 Okl. 82, 35 P. 882, 883 (1894).

**28.** Title 85 O.S.1981 § 22, see note 1, supra.

**29.** Title 85 O.S.Supp.1957 § 41.1 provides:
"In the event salary or any other remuneration (sic) is paid in lieu of temporary total compensation during the period of temporary total disability or for any other period of time, no respondent or insurance carrier shall be allowed to deduct from the amount of the award for permanent or partial permanent disability any amounts paid for temporary total disability, nor shall he be given credit for such additional payments on future tempo-

---

and 85 O.S.1961 § 22(3).[30] In *Claremore*, the employer was not given credit for the award of compensation for fourteen weeks compensation even though the claimant received salary during a portion of the fourteen-week period. The employer and the insurer argue that the instant case is distinguishable from *Claremore* because rather than seeking an offset to Chamberlain's award, as was the case in *Claremore*, the respondents simply seek to move forward the date upon which benefits should begin. If this relief is granted, then the claimant's accrued portion of the award would be effectively reduced. We fail to see any appreciable difference between this result and crediting the respondents for paying a portion of the award.

Title 85 O.S.Supp.1957 § 41.1, which was construed in *Claremore*, and 85 O.S.1981 § 41.1 [31] are identical, each provide:

"In the event salary or any other remuneration (sic) is paid in lieu of temporary total compensation during the period of temporary total disability or for any other period of time, no respondent or insurance carrier shall be allowed to deduct from the amount of the award for permanent or partial permanent disability any amounts paid for temporary total disability nor shall he be given credit for such additional payments on future temporary total disability, permanent partial disability, disfigurement, or any other compen-

sation provided by the workers' compensation law."

This provision, like §§ 22(1),[32] 41(B) [33] and 48,[34] contain directory and mandatory language.[35] Even though we might agree that the respondents' construction may be more fair, we are not free to read in exceptions not made by the Legislature.[36] Therefore, the respondents are not entitled to credit for either wages paid in lieu of compensation or the statutorily mandated fourteen weeks of compensation paid prior to the award for permanent total disability.

ORDER OF THE REVIEW PANEL VACATED; ORDER OF THE TRIAL COURT SUSTAINED.

DOOLIN, C.J., and HODGES, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, J., concurs in result.

HARGRAVE, V.C.J., and LAVENDER and OPALA, JJ., dissent.

rary total disability, permanent partial disability, disfigurement, or any other compensation provided by the workmen's compensation law."

**30.** Title 85 O.S.1961 § 22(3) provides in pertinent part:

"The following schedule of compensation is hereby established: ... Permanent Partial Disability. In case of disability, partial in character but permanent in quality, the compensation shall be sixty-six and two-thirds percentum (66⅔%) of the average weekly wages, and shall be paid to the employee for the period named in the schedule, as follows: ... Hernia. In case of an injury resulting in hernia, temporary total compensation for fourteen (14) weeks ..."

**31.** Title 85 O.S.1981 § 41.1 provides:

"In the event salary or any other remuneration (sic) is paid in lieu of temporary total compensation during the period of temporary total disability or for any other period of

time, no respondent or insurance carrier shall be allowed to deduct from the amount of the award for permanent or partial permanent disability any amounts paid for temporary total disability, nor shall he be given credit for such additional payments on future temporary total disability, permanent partial disability, disfigurement, or any other compensation provided by the workers' compensation law."

**32.** Title 85 O.S.1981 § 22(1), see note 2, supra.

**33.** Title 85 O.S.1981 § 41(B), see note 3, supra.

**34.** Title 85 O.S.1981 § 48, see note 4, supra.

**35.** *State ex rel. Cartwright v. Oklahoma Natural Gas*, see note 8, supra.

**36.** *City of Bethany v. Dist. Court of Oklahoma County*, 200 Okl. 49, 191 P.2d 187, 189 (1948); *City of Bristow v. Groom*, 194 Okl. 384, 151 P.2d 936, 941 (1944).