**Donald MARTIN, Petitioner,**

v.

**AMERICAN FARM LINES, State Insurance Fund, and The Workers' Compensation Court, Respondents.**

**No. 73062.**

Court of Appeals of Oklahoma, Division No. 1.

April 10, 1990.

Thomas W. Woody, Oklahoma City, for petitioner.

Robert Highsaw, State Insurance Fund, Oklahoma City, for respondents.

OPINION

GARRETT, Presiding Judge.

Donald H. Martin (Claimant) sustained an accidental personal injury to his back, neck and shoulders arising out of and in the course of his employment with American Farm Lines (Employer). Per order filed September 25, 1984, the trial court found Claimant was totally and permanently disabled and awarded him workers' compensation benefits at the rate of $110.00

per week, from August 3, 1984, until further order of the court. The trial court ordered Claimant's attorney was to be paid every fifth weekly payment of $110.00, for not to exceed 500 weeks, as a fair and reasonable attorney fee. No appeal or proceeding to review the judgment was filed, and it became final.

On July 27, 1988, the Workers' Compensation Court received Claimant's Form 9, dated May 15, 1988, seeking commutation of the attorney fee to a lump sum payment. On January 11, 1989, an order of the trial court dated January 9, 1989, was entered sustaining Claimant's motion, providing, in part:

> THAT the attorney fee awarded in the order of September 25, 1984 in the amount of $11,000.00 is hereby commuted to a lump sum, respondent or insurance carrier shall pay claimant's attorney said amount less amount already paid.

Employer appealed that order to the Court *En Banc*, and on March 30, 1989, per order dated March 24, 1989, the Court *En Banc* vacated the January 11, 1989, order of the trial court, ruling that the court lacked jurisdiction to modify the order entered on September 25, 1984. Claimant brought this action to review that order. The motion to dismiss addresses the merits and is denied.

Claimant contends: (1) the Workers' Compensation Court has jurisdiction to modify the trial court's original order due to its continuing jurisdiction under 85 O.S. 1981 §§ 41(B), 84; and 85 O.S.Supp.1986 § 43(C); and (2) the trial court's September 25, 1984, order is fatally defective on its face.

█ In *Chamberlain v. American Airlines*, 740 P.2d 717 (Okl.1987), the Supreme Court held that attorney fee awards in cases involving permanent total disability (PTD) must be paid in a lump sum. After the *Chamberlain* decision, Claimant sought commutation of the attorney fee award. Although we acknowledge the continuing jurisdiction of the Workers' Compensation Court over its orders, we do not agree that this serves to enlarge the time to appeal an order that has become final. See 85 O.S.Supp.1986 § 3.6(A) and (B).[1] *Chamberlain* clearly requires attorney fee awards in PTD cases to be paid in a lump sum. However, *Chamberlain* dealt with a timely action to review an order reversing the manner of payment of attorney fees from a lump sum to a periodic payment every fifth week. It did not give the Claimant the right to attack the order after it had become final. The Supreme Court did not hold that *Chamberlain* was to be given retrospective application.

In *Ferguson v. Ferguson Motor Company*, 766 P.2d 335 (Okl.1988), the Supreme Court addressed whether an order of the Workers' Compensation Court could be vacated after the appeal time had run and whether it could be done nunc pro tunc. The Respondent therein alleged an error in the amount of the weekly benefit awarded. The Court held the award became final after the time for seeking an appeal had expired and that the Workers' Compensation Court lacked jurisdiction to vacate or

---

1. 85 O.S.Supp.1986 § 3.6(A) provides, *inter alia*, that a party feeling aggrieved by the order of the trial court "shall, within ten (10) days, have the right to take an appeal from the order, decision or award of the Judge to the Workers' Compensation Court sitting en banc."

85 O.S.Supp.1986 § 3.6(B) provides, *inter alia:*
The order, decision or award of the Court shall be final and conclusive upon all questions within its jurisdiction between the parties, unless, within twenty (20) days after a copy of such order, decision or award has been sent by the Administrator to the parties affected, an action is commenced in the Supreme Court of the state, to review such order, decision or award. Any order, decision or award made by a Judge of the Court shall be considered as final under the provisions of this section unless appealed to the Workers' Compensation Court sitting en banc as provided for in subsection A of this section. The order, decision or award of a Judge of the Court shall be final and conclusive upon all questions within his jurisdiction between the parties unless appealed directly to the Supreme Court or to the Workers' Compensation Court sitting en banc as hereinbefore provided. Any party litigant desiring to appeal directly frcm such order, decision or award to the Supreme Court, shall within twenty (20) days after a copy of the order, decision or award has been sent by the Administrator to the parties affected, commence an action in the Supreme Court of the state to review such order, decision or award.

correct the order except as to "mathematical miscalculations apparent from the decision's four corners." 766 P.2d at 336. The Court stated:

> The power to adjudicate includes the power to do so *wrongly*, and an *erroneous decision*, until it is set aside or corrected in a manner authorized by law, is as binding as a correct ruling. The alleged mistake in setting the weekly benefits in the award was beyond the reach of the trial judge's power to correct nunc pro tunc. Under the label of "correction" or "vacation" respondents were entitled to no greater relief from an erroneous final adjudication than that which would be affordable to litigants who fail timely to appeal. (Emphasis in original) (Footnotes omitted).

766 P.2d at 338.

 Claimant also argues that even if the trial court does not have continuing jurisdiction over the award, a void judgment can be vacated at any time, citing 12 O.S.1981 § 1038. However, this judgment is not void and is not defective on its face. To be facially void, it must appear from the face of the judgment roll that there was an absence of personal jurisdiction, subject matter jurisdiction or jurisdiction to pronounce the particular judgment rendered. See *Chamberlin v. Chamberlin*, 720 P.2d 721, 725 n. 15 (Okl.1986). Although we might agree that the September 25, 1984, order is erroneous, it became final on October 15, 1984, and is not subject to this attack.

The trial court lacked the jurisdiction to modify its September 25, 1984, order. *Chamberlain* does not give the trial court the power to modify the order after the time has expired within which a review proceeding may be filed, notwithstanding an error, realized later, in the method of payment of attorney fees.

The order of the Workers' Compensation Court *En Banc* is SUSTAINED.

MacGUIGAN, J., concurs.

Hunter, Judge, dissenting:

I would give retrospective effect to *Chamberlain v. American Airlines*, 740 P.2d 717 (Okl.1987).