Lee Wayne AILEY, Petitioner,

v.

D & B CONSTRUCTION COMPANY, United States Fidelity and Guaranty Company, and the Workers' Compensation Court, Respondents.

No. 80653.

Court of Appeals of Oklahoma, Division No. 3.

May 25, 1993.

Pamla K. Cornett, Tulsa, for petitioner.

Kevin B. White, Tulsa, for respondents.

## MEMORANDUM OPINION

HANSEN, Chief Judge:

Petitioner (Claimant) seeks review of a Workers' Compensation Court order directing periodic payment of attorney fees and payment of a five percent Special Indemnity Fund Tax.

Claimant filed his claim on July 7, 1988, alleging the nature of his injury as nodular lymphoma due to continued exposure to harmful toxic wastes while employed by respondent D & B Construction (Employer). In November 1990, the trial court entered its order finding Claimant suffered from a compensable occupational disease arising from his employment with Employer.

The trial court further found Claimant's last injurious exposure was on December 23, 1987, and set the rates of benefits at the maximum allowable rates on that date. The court directed Employer to pay Claimant temporary total disability benefits and to provide medical treatment. The court reserved the question of permanent disability.

On August 11, 1992, Claimant moved for a hearing on permanent disability. The matter was tried on October 28, 1992, and an order entered on November 9, 1992, finding Claimant permanently and totally disabled. Benefits were ordered paid as of May 12, 1992, continuing until further order of the court. As before, benefits were set at the maximum allowable on December 23, 1987, the established date of last injurious exposure.

In its November 9, 1992, order the trial court also directed, among other things, that attorney fees were to be paid periodi-

cally at the rate of twenty percent of each weekly check paid to Claimant, or if the parties agreed, at the rate of each fifth weekly payment[1]. The periodic payment of attorney fees, rather than payment in a lump sum, is the central issue in Claimant's appeal.

As his first proposition on appeal, Claimant contends that legislation amending statutes governing payment of permanent total disability benefits, and the attorney fees awarded in conjunction with those benefits, must be given prospective application only.

In support of his contention, Claimant cites *Chamberlain v. American Airlines*, 740 P.2d 717 (Okla.1987). In *Chamberlain*, the Supreme Court interpreted pertinent provisions of our Workers' Compensation Act[2] to require that attorney fees awarded in permanent total disability cases be commuted to a lump sum and recovered from a claimant at the rate of ten percent from each periodic payment.

Commutation of award, lump sum payment and ten percent recovery remained the rule as to attorney fees in permanent total disability cases until September 1, 1992, the effective date of certain amendments to 85 O.S.Supp.1992 §§ 30 and 41(B).

The parties agree the effect of the amendments was to prohibit award of lump sum attorney fees in permanent total disability cases and to mandate that legal fees in those cases:

> ... be paid "periodically at the rate of twenty percent (20%) of each weekly check to the claimant until the attorney fee is satisfied. The right to any such attorney fee shall be vested at the time the award therefor becomes final."

85 O.S.Supp.1992 § 30.

The point of contention between the parties is whether under the facts here the *Chamberlain* rule applies, or whether the amendments as they affect attorney fees should be given application. Claimant ar-

gues for the *Chamberlain* rule and Employer for giving effect to the amendments.

■ The effective date of the amendments was after the date of last injurious exposure, but before the date of the order now before us for review. It is well established that a workers' compensation claim is controlled by the laws in existence at the time of the injury, and not by laws enacted thereafter. *Caswell v. Bird*, 160 Okla. 224, 16 P.2d 859 (1933).

Further, the statutes in effect at the time of injury form a part of the contract of employment and determine the substantive rights and obligations of the parties. *Magnolia Petroleum v. Watkins*, 177 Okla. 30, 57 P.2d 622 (1936).

Employer here argues the amendments relating to attorney fees would not affect Claimant's *substantive* rights because they change only the method of compensation payments, not the total award. Employer contends the amendments are merely *procedural*, and should be given retrospective application.

■ Employer cites *Phillips v. H.A. Marr Grocery Co.*, 295 P.2d 765 (Okla.1956), which holds that procedural statutes relate only to modes of procedure or remedies and do not create, enlarge, diminish or destroy contractual or vested rights.

■ The employer in *Lee Way Motor Freight, Inc. v. Wilson*, 609 P.2d 777 (Okla.1980), made substantially the same argument as Employer's argument here. In *Lee Way*, the claimant requested a lump sum payment of $10,000.00 because he said he had incurred considerable debt and could not exist on the weekly benefit. The trial court there commuted the balance of the award and ordered the $10,000.00 payment.

The *Lee Way* employer argued the payment was in excess of that allowed under 85 O.S.Supp.1977 § 41, which had been amended after the claimant's injury but

---

1. Although the issue of deducting every fifth weekly payment due Claimant was not raised here by the parties, that practice, even by agreement, appears to be prohibited under *Chamber-*

*lain v. American Airlines*, 740 P.2d 717, 718 (Okla.1987).

2. 85 O.S.1991 § 1 et seq.

before the lump sum order. After the amendment of § 41, the maximum lump sum payment was $4,000.00 or twenty five percent of the award, whichever was larger.

The employer argued this amendment affecting the amount of lump sum payments was "procedural", affecting only the method of payment. The Supreme Court disagreed. It found the claimant's right to have his award commuted was vested and became fixed at the time of injury.

The *Lee Way* Court found the claimant had a substantive, vested right to have payment of his award accelerated. By analogy, we find Claimant here has a substantive, vested right not to have payment of his award decelerated by the amendatory increase in the withholding rate to periodically pay attorney fees.

We are unpersuaded by Employer's argument, as the Supreme Court was in *Lee Way*, that it makes no substantive difference how long it takes a claimant to receive his award, as long as the claimant eventually receives the full award.

Employer concedes the trial court erred in applying the September 1992, amendment to 85 O.S.1991 § 173. That amendment increased Claimant's statutory contribution to the Special Indemnity Fund from three percent to five percent. This increase clearly reduces the amount of Claimant's award and is a substantive change in vested rights.

Finding the Workers' Compensation Court erred as a matter of law in retrospectively applying the statutory amendments in controversy, its order is VACATED and this matter is REMANDED to the Workers' Compensation Court for further proceedings consistent with this opinion.

VACATED AND REMANDED.

BAILEY, P.J., and HUNTER, J., concur.