2000 OK CIV APP 81

Frankie VALENTI, Petitioner,

v.

SPECIAL INDEMNITY FUND and The Workers' Compensation Court, Respondents.

No. 93,909.

Court of Civil Appeals of Oklahoma, Division No. 3.

May 19, 2000.

Michael E. Utter, Oklahoma City, Oklahoma, For Petitioner.

Georgiana Peterson, Oklahoma City, Oklahoma, For Respondents.

## OPINION

HANSEN, Vice–Chief Judge:

¶ 1 In February and April of 1977, Claimant, Frankie Valenti, sustained on-the-job injuries. As a result of these injuries, he received 20% permanent partial disability to the body as a whole. On February 2, 1985 and February 8, 1985, he sustained other on-the-job injuries. As a result of these injuries, he received 41.7% permanent partial disability to the body as a whole.

¶ 2 In December 1992, the trial court entered an order finding Claimant was permanently totally disabled as a result of the combination of these injuries. Claimant was awarded benefits of $163.00 per week to be paid by Respondent, Special Indemnity Fund (Fund). These benefits were paid to Claimant until 1999.

¶ 3 In 1993, the Legislature amended 85 O.S.1993 Supp. 22 by adding subsection (13)(B) to provide that payment of perma-

nent total benefits for persons incarcerated are to be paid to the Department of Corrections during the period of incarceration for the costs of incarceration. Beginning approximately February 1, 1999, the Fund began paying Claimant's benefits to the Department of Corrections.

¶ 4 Claimant filed a Form 13, Request for Prehearing Conference, requesting a hearing on the issue of the method of payment of his benefits by the Fund. On November 1, 1999, the trial court entered an order denying Claimant's assertion that § 22(13)(B) does not apply in this case because his injuries predated the passage of that statute. Claimant seeks review of this order.[1]

¶ 5 Claimant argues § 22(13)(b) does not apply to him because all of his injuries and the date of adjudication occurred before the enactment of subsection 13(b). He cites this Court to the rule of law which provides the right to worker's compensation benefits and the obligation to pay such benefits are vested and become fixed by law at the time of the injury. A claimant's right to compensation is determined by laws in force when the injury is sustained, notwithstanding subsequent amendments to the law. *Lee Way Motor Freight, Inc., v. Wilson,* 1980 OK 48, 609 P.2d 777. Section 22(13)(b) applies to Claimant if it is procedural, rather than substantive. Procedural statutes relate only to modes of procedure or remedies and do not create, enlarge, diminish or destroy contractual or vested rights. *Phillips v. H.A. Marr Grocery Co.,* 1956 OK 104, 295 P.2d 765.

¶ 6 By way of analogy, Claimant points out the method of payment of attorney fees is also determined by the date of injury. A statutory change in the method of payment cannot be applied retroactively. *See Ailey v. D & B Construction Co.,* 1993 OK CIV APP 103, 855 P.2d 147.[2]

---

1. On February 28, 2000, the Supreme Court denied Fund's motion to dismiss this appeal for "absence of an appealable order."

2. In the *Ailey* case, the trial court ordered benefits paid as of May 1992, setting the benefits at the maximum allowable on December 23, 1987, the date of last injurious exposure. The trial court order also directed attorney fees be paid

periodically at the rate of 20% of each weekly check to the claimant. However, in 1987, in *Chamberlain v. American Airlines,* 1987 OK 62, 740 P.2d 717, the Supreme Court interpreted the Worker's Compensation Act to require that attorney fees awarded in permanent total disability cases be commuted to a lump sum and recover from a claimant at the rate of 10% from each periodic payment. Then in September 1992, *85*

¶ 7 However, in the *Ailey* case, application of the statutory amendments would have affected the amount claimant would receive each period. The claimant had a substantive, vested right not to have his award decelerated by such amendments. The amendments were not merely procedural, affecting only a method of payment.[3]

¶ 8 Claimant's benefits are vested. He does not argue his benefits will be decelerated by application of § 22(13)(b). Just for the time he is incarcerated, these benefits will be directed to the Department of Corrections, rather than to Claimant, to pay the costs of his incarceration.[4] The amount of his award is not changed. These costs of incarceration are a debt owed by Claimant to the Department of Corrections. 57 O.S.1992 Supp. 549 (C). There is no substantive change to Claimant's vested rights. Therefore, the trial court's application of § 22(13)(b) is SUSTAINED.

¶ 9 Claimant's request for appeal-related attorney fees is denied.

¶ 10 ADAMS, J., and JOPLIN, J., concur.

---

O.S.1992 Supp. 30 was amended to prohibit an award of lump sum attorney fees in permanent total disability cases and to mandate that legal fees be paid periodically at a rate of 20% of each weekly check to the claimant. It further mandated the right to any such attorney fee shall be vested at the time the award becomes final. This Court held the claimant had a substantive, vested right not to have payment of his award decelerated by the amendatory increase in the withholding rate to periodically pay attorney fees.

3. Portions of the *Ailey* case were subsequently overruled by *Special Indemnity Fund v. Weber*, 1995 OK 43, 895 P.2d 292. The overruled portion of the *Ailey* opinion held that amendments to 85 O.S.1991 173, which increased the claimant's contribution to the Fund from 3% to 5%, reduced the amount of the claimant's award and was a substantive change in his vested rights. In *Weber*, the Supreme Court held that § 173, which imposes a particular rate of permanent disability benefits as contributions for the Fund, is a tax statute, and because the successful injured worker and the compensation insurer are taxpayers within the provisions of § 173, they have no vested rights to pay the tax pursuant to a particular tax scheme. Taxpayers must pay the tax pursuant to the law in effect at the time of the taxable event, not the rate in effect at the time of the compensable injury. The decision in the *Weber* case does not affect the applicability of *Ailey, supra*, to the present case.

4. Claimant refers this Court to 85 O.S.1999 Supp. 48, which provides that benefits shall not be assigned except as provided by the Worker's Compensation Act. However, Claimant never claims he assigned his benefits to the Department of Corrections. His benefits are only diverted to an account to pay his costs of incarceration during the time he is incarcerated.