2002 OK CIV APP 5

**William SELFRIDGE, Petitioner,**

v.

**MULTIPLE INJURY TRUST FUND, and The Workers Compensation Court, Respondents.**

No. 95,945.

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 14, 2001.

Certiorari Denied Dec. 10, 2002.

W.C. Doty, The Bell Law Firm, Norman, OK, For Petitioner.

Georgiana Peterson, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, OK, For Respondents.

## OPINION

ADAMS, Presiding Judge:

¶1 William Selfridge (Claimant) was a previously impaired person when he suffered a work-related injury in 1997. As a consequence of the combined effect of the previous and the 1997 injuries, he became permanently and totally disabled. Claimant's injuries and his resulting level of disability are not challenged in this review proceeding. The sole issue, one of law, presented for review is: Which statute applies to the liability for the payment of disability benefits by the Multiple Injury Trust Fund (Fund)—the one in effect at the time of injury or the one in effect at the time of entry of the order finding permanent total disability?

¶2 At the time Claimant was injured in 1997, 85 O.S.Supp.1994 § 172 (E) provided:

> All weekly payments for permanent partial disability shall be paid before any claim for benefits against the Special Indemnity Fund may be paid. *In the case of a lump-sum permanent partial disability award or settlement, such award or settlement shall be divided by seventy percent (70%) of the employee's weekly wage up to a maximum of fifty percent (50%) of the state's average weekly wage, to determine the number of weeks which must elapse before a claim against the Special Indemnity Fund may be paid.* (Emphasis added.)

In 1999, the Special Indemnity Fund became the Multiple Injury Trust Fund. The quoted emphasized language does not appear after the 1999 amendment of § 172, and no substitute or alternative language addressing the

effect of a lump-sum award or settlement was provided by the Legislature.

¶ 3 The trial court followed the 1994 version and determined that Fund's payments would not commence until a waiting period had elapsed. Claimant does not take issue with the manner in which the trial court calculated the waiting period, arguing only that no waiting period could be imposed under the 1999 version of the statute.

¶ 4 The general rule in workers' compensation matters is "that the law in effect at the time of injury controls the right to compensation *and the obligation to pay benefits.*" (Emphasis added.) *Special Indemnity Fund v. Archer,* 1993 OK 14, ¶ 9, 847 P.2d 791, 795. There, the Court also noted that this view is consistent with 85 O.S.1981 § 3.6 (D),[1] wherein the Legislature has provided that "[b]enefits for an injury shall be determined by the law in effect at the time of injury." *Archer* specifically held that the law in effect at the time of the most recent injury controls the Fund's liability for benefits.

¶ 5 Claimant argues that rule does not apply here because the elimination of the waiting period is a "procedural change," citing *Valenti v. Special Indemnity Fund,* 2000 OK CIV APP 81, 8 P.3d 197. *Valenti* involved an award against the Fund which was being paid to the claimant but became payable to the Oklahoma Department of Corrections (DOC) *while the claimant was incarcerated* pursuant to a statutory provision which was adopted after the claimant's most recent injury. Under this statutory scheme, payments during that period were used for the claimant's benefit to pay on the debt the claimant had to DOC for the costs of incarceration as provided in 57 O.S.Supp.1992 § 549 (C). The Court held that the change was procedural because the total amount of the claimant's award was not affected.

¶ 6 If we apply the 1999 version to Claimant's award rather than the 1994 version, Fund's total liability is increased,[2] and we must apply the law in effect at the time of Claimant's most recent injury. The order is sustained.

SUSTAINED.

JONES, J., and JOPLIN, J., concur.

---

1. The provision is now at 85 O.S.Supp.1994 § 3.6 (F).

2. Fund's liability for a permanent total disability award extends only for the longer of five years or until the claimant reaches age 65, unless the claimant dies sooner and the award is abated. 85 O.S.Supp.1994 § 172 (B) and (D). Unless he dies before then, Claimant will be age 61 when Fund is required to pay under the order, and Fund would be required to pay a maximum of five years. If we adopt Claimant's position, Fund would be required to pay approximately 11 years, unless Claimant died before reaching age 65.

## SUPREME COURT OF OREGON

333 Or. 263

## PETITIONS FOR REVIEW

### WITHDRAWN