**Betty Sue "Walker" BURR, and the Workers' Compensation Court, Petitioners,**

**v.**

**Dr. G.D. SNITKER, D.C., and the State Insurance Fund, Respondents.**

**No. 81298.**

Court of Appeals of Oklahoma, Division No. 3.

Oct. 5, 1993.

Certiorari Denied Nov. 16, 1993.

W.E. Sparks, Tulsa, Anne Catherine Pittman, State Insurance Fund, Tulsa, for petitioners.

Robert Highsaw, State Ins. Fund, Oklahoma City, for respondents.

---

## OPINION

GARRETT, Judge:

Petitioner Betty Sue "Walker" Burr (Claimant) filed her Form 3 in the Workers' Compensation Court on June 21, 1990, alleging she sustained an accidental injury on May 31, 1990, arising out of and in the course of her employment with Southern Hills Chiropractic/Dr. G.D. Snitker (Employer). She alleged she injured her back when she lifted and carried a box of stationery weighing approximately 45 pounds.

Employer paid temporary total disability (TTD) benefits, and the case was tried on the issue of permanent total disability (PTD). On March 5, 1993, the trial court entered an order, awarding Claimant PTD benefits. The court awarded Claimant's attorney the amount of $21,667.00 as a fair and reasonable attorney fee, and ordered the fee would become vested at the time the award became final. The court ordered the fee to be paid: 20% of the accrued portion of the award in a lump sum; and the remaining portion of the fee to be paid at the rate of 20% of the amount of the weekly benefits paid to Claimant, until the fee is satisfied. The order further provided:

> That at the option and agreement of the parties, said attorney fee may be deducted at the rate of every 5th weekly payment due herein to claimant, until the attorney fee is recouped by respondent.

The only issue in this review proceeding is whether the trial court erred in failing to commute the attorney fee to a lump sum. Claimant contends the trial court failed to follow the law in effect at the time of her injury and acted contrary to law by awarding the periodic payment of attorney fees. She contends the trial court applied amended statutes, 85 O.S.Supp.1992 §§ 30, 41, despite the fact her injury occurred before the amendments' effective dates. She claims the retroactive application reduced her compensation award by 20%[1] for payment of her attorney fees. She contends statutes must be applied prospectively only, unless a purely procedural statute is involved. She claims further that sections 30 and 41 are not purely procedural. Besides affecting the manner in which attorney fees are taxed and recouped, she contends the amendments change the amount of compensation recoverable, thus affecting a vested right.

The Court of Appeals has addressed the issue of the award and recoupment of attorney fees in permanent total disability cases. In *Oklahoma Dept. of Transp. v. Barnes*, 818 P.2d 923 (Okl.App.1991) (cert. denied 1991), this Court, addressed the issue of whether an employer was entitled to a credit against a lump sum attorney fee award in a PTD case in which the PTD award abated when the claimant later died. Employer argued that without the credit, it would not be able to recoup the fee through future periodic payments. Relying on *Chamberlain v. American Airlines*,[2] we determined therein that Employer was not entitled to a credit upon the claimant's death because the entire fee had accrued when it was awarded. However, in *Barnes*, supra, we did not squarely address or decide whether an attorney fee award in a PTD case is a matter of substance or procedure.

In *Ailey v. D & B Construction Co.*, 855 P.2d 147 (Okl.App.1993), this Court held the attorney fees award was a substantive right which vested at the time of injury, and that the statute in effect at the time of the injury dictated as to the method of payment of the attorney fee award. In other recent unpub-

---

1. Prior to the amendment in 1992, § 30 provided in pertinent part:
 [C]laims for legal services for permanent total disability awards or death awards may be paid in a lump sum which shall be deducted from the periodic compensation payments at a rate of ten percent (10%) per payment until the attorney fee is satisfied.

2. In *Chamberlain v. American Airlines*, 740 P.2d 717 (Okl.1987), the Supreme Court ruled that attorney fees awarded in permanent total disability cases must be commuted to a lump sum payment.

lished opinions,[3] this Court also determined, as in *Ailey,* that the attorney fee award in PTD cases is dependent upon the award of compensation benefits itself, which is substantive, requiring application of the attorney fee law in effect at the time of the claimant's injury. This position is further supported by 85 O.S. § 30, both before and after the 1992 amendment, which provides that the total amount of the attorney fee award in a PTD case shall not exceed 20% of the total compensation award.[4]

██ Claimant also raises the issue that the amendment of 85 O.S.Supp.1992 § 173(C) also reduces her award, due to the increase of Special Indemnity Tax from 3% to 5% which she must pay to the Oklahoma Tax Commission.[5] We agree with Claimant that this is an inappropriate reduction of her award, and that the trial court erred in applying the statute as amended to this claim. The increase in tax is more than a procedural change or a change in the means of recoupment.

The trial court's order is vacated and remanded with directions to commute the attorney fee award to a lump sum, and to recalculate the award as to the assessment of Special Indemnity Fund tax, using the 3% tax pursuant to 85 O.S.1991 § 173.

**VACATED AND REMANDED WITH DIRECTIONS.**

HUNTER, P.J., and BAILEY, J., concur.

---

3. *City of Oklahoma City v. Cornell,* Case Number 80,352, opinion filed 5/4/93, cert. denied 7/7/93, mandate issued 7/16/93; and *Oklahoma Department of Transportation and State Insurance Fund v. Doss,* Case Number 80,528, opinion filed 3/23/93, mandate issued 6/16/93.

4. Section 30 provides:
 [A] claim for legal services shall be determined by the Court on a quantum meruit basis; provided, that such claim shall not exceed ... twenty percent (20%) of the amount of the award for permanent disability or death benefits....

5. Employer argues, *inter alia,* that this issue was not raised in the Petition for Review and is not preserved as an issue in this proceeding. We disagree. Issue # 2 of "Errors on Appeal" provides: "Claimant has sustained an immediate financial hardship by having 25% of her weekly benefit reduced as to 13% pursuant to the law in affect (sic) at the time of the claimant's injury." As explained in her brief, the difference in the tax accounts for the allegedly improper reduction in the total award.