**Paul D. McDONALD and the Workers' Compensation Court, Petitioners/Counter–Respondents,**

v.

**M & S CONSTRUCTION, INC., and Mid–Continent Casualty Company, Respondents/Counter–Petitioners.**

Nos. 81807, 81811.

Court of Appeals of Oklahoma, Division No. 2.

March 1, 1994.

Victor R. Owens, Kendrick & Owens, Tulsa, for petitioner/counter-respondent.

Linda E. Childers, Tulsa, for respondents/counter-petitioners.

BOUDREAU, Presiding Judge.

Employer, M & S Construction, Inc., appeals an order of the workers' compensation court three-judge panel awarding benefits to Claimant, Paul D. McDonald, for permanent total disability and for permanent disfigurement. Claimant also appeals the award of attorney fees. The issues on appeal are: (1) whether the trial court's finding of permanent total disability is supported by competent evidence; (2) whether the trial court erred in awarding benefits for permanent disfigurement in addition to benefits for permanent total disability; (3) whether the trial court erred in not requiring the attorney fee to be paid in a lump sum; and (4) whether the trial court erred in requiring Claimant to contribute five percent, instead of three percent, to the Special Indemnity Fund. Having reviewed the record and applicable law, we affirm in part, reverse in part, and remand for further proceedings.

Claimant filed his Form 3 alleging an on-the-job injury to his back occurring on January 18, 1991. Claimant also sought benefits for permanent disfigurement due to a bone graft taken from Claimant's right hip.

The trial court found that Claimant "sustained accidental personal injury to the LOW BACK (with radicular symptoms to the right hip and leg) arising out of and in the course of claimant's employment." The court further found that "as a result of said injury, claimant is TOTALLY AND PERMANENTLY ECONOMICALLY DISABLED to do any type of work for which he is fitted due to injury, job skills, and education...." Finally, the court found that Claimant also suffered serious and permanent disfigurement due to the bone-graft donor site on his right hip and awarded him $1,200. The trial court ordered that attorney fees should be paid at the rate of twenty percent of the Claimant's weekly check. The trial court also assessed the Special Indemnity Fund Tax against Claimant at the rate of five percent.

Employer appealed the award of benefits to the three-judge panel of the workers' compensation court. Employer alleged that the trial court's order was contrary to the clear weight of the evidence, was not supported by competent medical evidence, and erroneously awarded benefits for permanent total disability *and* permanent disfigurement. The three-judge panel found that the order was not against the clear weight of the evidence nor contrary to law and affirmed it.

Employer now appeals from the order of the three-judge panel. Claimant also appeals those portions of the trial court's order regarding attorney fees and the Special Indemnity Fund Tax.

I

Employer first alleges that there is no competent evidence to support the court's finding of permanent total disability. Employer insists that Claimant's medical evidence was incompetent because the doctors' reports were based on an inaccurate and incomplete history of Claimant's work experience and training. Employer argues that Claimant did not advise his expert witnesses that he had previous experience as a welder and that he had enrolled in classes on welding and small-engine repair.

Prior to the hearing, Employer filed objections to Claimant's experts' reports, asserting that they were based on inaccurate and incomplete histories and lacked probative value. Employer then deposed Claimant's two experts. Dr. Jim Martin testified that Claimant had suffered seventy-one percent impairment to the whole person as a result of the injury and that he was unemployable based on his twelfth-grade education, his employment history of manual labor, and his constant pain from his injury. Dr. Martin testified that Claimant did not advise him that he had gone through a vocational rehabilitation evaluation. He also testified that, "[i]f the patient was motivated to be retrained, and he did find something that he could do to provide himself with income and a living, I wouldn't, I wouldn't question that."

Employer also deposed Dr. Michael D. Farrar, who rated Claimant as being sixty-one percent impaired to the body as a whole. However, he found him to be one hundred percent totally disabled from an economic standpoint, based on his age, high-school education, and past work experience as a manual laborer. He testified that Claimant's low back condition is significant enough that it would preclude retraining into any work for which Claimant is or could become fitted by education, training, or experience. Dr. Farrar also testified that Claimant had advised him that he was taking classes to learn welding and small engine repair; however, Claimant told him he could not continue to do it because of the significant pain in his back. Dr. Farrar stated that his opinion, that Claimant is unemployable because of his back condition, would not change, even if a

vocational specialist told Dr. Farrar that Claimant could be retrained.

At trial, Claimant testified at trial that he cannot sit or stand for any length of time because he has too much pain in his back. He further testified that the welding classes required him to spend a lot of time standing on concrete floors and required him to do a lot of bending while he worked. He stated that he quit the classes because he was in too much pain.

■ Following Claimant's testimony at trial, he offered as exhibits the depositions of his two experts. Employer objected to the depositions on the grounds that the doctors did not follow the AMA Guidelines, the doctors did not use the combined-values chart, and Claimant failed to advise the doctors that he had prior back problems. Employer did not object on the ground that the doctors' reports were based on inaccurate histories because Claimant did not advise them that he had been evaluated for vocational rehabilitation or that he was attending welding and small-engine-repair classes.

Employer now alleges on appeal that Claimant's medical reports were incompetent "because both reports were based on inaccurate and incomplete history of claimant's work experience and training." It contends that it effectively raised this ground for review by filing pretrial objections to the reports of both doctors. We disagree. Rule 20(F) of the Workers' Compensation Court Rules, 85 O.S.1991, ch. 4, app., requires hearsay objections to physician's report to be made within ten days after receipt of the report. However, the rule unequivocally states that "[a]ll other specific objections to the competency, relevancy and probative value of the medical report shall be raised at the time of trial or shall be waived." Furthermore, Rule 23(C) provides as follows:

An objection to medical testimony offered by a signed, written, verified or declared medical report, if on the grounds

that (1) *it is based on inaccurate or incomplete history or is otherwise without probative value,* or (2) it does not properly evaluate claimant's impairment or disability, as the case may be, in accordance with the Workers' Compensation Act, *shall be interposed at the same time it is offered into evidence.*

85 O.S.1991, ch. 4, app. (emphasis added).

In the case at bar, Employer failed to object to the depositions at trial on the ground that they were based on inaccurate or incomplete history with regard to work experience and training. As a result, this specific objection was waived.

■ Employer raised a second objection at trial. It asserted that Claimant gave an inaccurate history of previous back injuries. This objection is not sufficient to preserve for review the question of an inaccurate history of his past work experience and training. Objections to evidence offered by a party must be specific. *See Gaines v. Sun Refinery and Mktg.,* 790 P.2d 1073 (Okla.1990), *overruled on other grounds by Davis v. B.F. Goodrich,* 826 P.2d 587, 592 (Okla.1992).

■ A decision of the workers' compensation court will be affirmed on appeal if it is supported by any competent evidence. *Parks v. Norman Mun. Hosp.,* 684 P.2d 548, 549 (Okla.1984). The existence of evidence supporting the appealing party's claim is immaterial because appellate review is confined to a search for any competent evidence which could support the order of the workers' compensation court. *Owings v. Pool Well Serv.,* 843 P.2d 380, 382 (Okla.1992).

■ In the case at bar, the decision of the three-judge panel is supported by the testimony and reports of Claimant's experts. Both of them testified that he was permanently and totally economically disabled. Furthermore, Dr. Farrar testified that he did not believe Claimant could be retrained for other employment because of the significant pain which he suffers. Finally, Claimant's testimony regarding his injuries and his ability to work or attend retraining classes supports the court's award. The court's order finding permanent total disability is affirmed.

## II

Employer also alleges that the three-judge panel erred in "finding that Claimant had suffered serious and permanent disfigurement due to a bone-graft donor site on his right hip while also awarding permanent impairment to the right hip."

■ The Workers' Compensation Act provides as follows:

In case of an injury resulting in serious and permanent disfigurement, compensation shall be payable in an amount to be determined by the Court, but not in excess of Twenty Thousand Dollars ($20,000.00); provided, that compensation for permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided.

85 O.S.Supp.1992 § 22(3). Employer relies on *G & G Steel Erectors, Inc. v. Gutierrez,* 683 P.2d 543 (Okla.1984), in which the Oklahoma Supreme Court held that a claimant who had been awarded permanent impairment for the loss of an eye could not also be awarded benefits for disfigurement of the eye. This case stands for the proposition that a claimant cannot be awarded benefits for disfigurement for those parts of his body determined to constitute permanent total disability.

■ The holding of *G & G Steel* has no application to the case at bar. Here the court found that Claimant suffered injury to the "LOW BACK (with radicular symptoms to the right hip and leg)" and awarded permanent total disability. The award for disfigurement to Claimant's hip was clearly not for disfigurement resulting from injury to his back, the subject of the permanent total disability. Therefore, the award of benefits for permanent disfigurement is affirmed.

## III

Claimant appeals the order of the trial court requiring that attorney fees be paid at the rate of twenty percent of each weekly check instead of in a lump sum. Claimant also alleges that the trial court erred in assessing the Special Indemnity Fund Tax at the rate of five percent instead of three percent.

■ At the time of Claimant's injury, the Workers' Compensation Act allowed attorney fees to be paid in a lump sum in permanent total disability cases. 85 O.S.1991 § 41(B). However, in 1992 the legislature amended the Workers' Compensation Act to prohibit awards of lump sum attorney fees and to require that fees be paid "periodically at the rate of twenty percent (20%) of each weekly check to the claimant until the attorney fee is satisfied." 85 O.S.Supp.1992 § 30. This amendment became effective prior to the time of the order awarding permanent total disability benefits to Claimant.

■ Claimant alleges the statute in effect at the time of the injury governs the award of attorney fees. We agree. The Oklahoma Court of Appeals addressed this issue in *Ailey v. D & B Construction Company,* 855 P.2d 147 (Okla.Ct.App.1993). In *Ailey* the court of appeals held, "It is well established that a workers' compensation claim is controlled by the laws in existence at the time of the injury, and not by the laws enacted thereafter." *Id.* at 148. The court found that the workers' compensation court erred as a matter of law in retrospectively applying the statutory amendment prohibiting lump sum attorney fee awards.

We agree with the rationale of the *Ailey* court. The fee award is vacated and the matter is remanded with instructions to enter a lump-sum attorney fee award in accordance with the law in effect at the time of Claimant's injury.

■ In September of 1992 an amendment to 85 O.S.Supp.1992 § 173(A) increased Claimant's statutory contribution to the Special Indemnity Fund from three percent to five percent. "This increase clearly reduces the amount of Claimant's award and is a

substantive change in vested rights." *Ailey,* 855 P.2d at 149. Therefore, the trial court should not have retrospectively applied the rate of five percent and should have applied the rate of three percent which was in effect at the time of Claimant's injury. The assessment of a five percent Special Indemnity Fund Tax is vacated and the matter is remanded with instructions to enter an order assessing a tax of only three percent.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

REIF, V.C.J., and RAPP, J., concur.