**SPECIAL INDEMNITY FUND, Petitioner,**

v.

**Leslie H. WEBER and the Workers' Compensation Court, Respondents.**

No. 84013.

Supreme Court of Oklahoma.

May 9, 1995.

Robert Highsaw, State Ins. Fund, Oklahoma City, for petitioner.

Charles L. Cashion, McCaffrey & Tawwater, Oklahoma City, for respondents.

ALMA WILSON, Chief Justice:

Two first impression questions are presented: 1) Should this review proceeding brought by the State Insurance Fund in the name of the Special Indemnity Fund be dismissed for want of standing? and 2) Does the

five percent rate in 85 O.S.Supp.1992, § 173, effective September 1, 1992, apply to an award of permanent disability compensation entered after the effective date for a compensable injury that occurred prior to the effective date? We answer the first question in the negative and the second question in the affirmative. We conclude that the State Insurance Fund has standing to maintain this review proceeding in the name of the Special Indemnity Fund pursuant to 85 O.S.1991, § 175. We also conclude that 85 O.S.Supp. 1992, § 173(A) and (B) are taxing provisions applicable to compensation awards ordered by the Workers' Compensation Court on and after September 1, 1992. We overrule parts of the opinions in *Burr v. Snitker,* 865 P.2d 1258 (Okla.App.1993); *Ailey v. D & B Construction,* 855 P.2d 147 (Okla.App.1993); and, *McDonald v. M & S Construction, Inc.,* 871 P.2d 1389 (Okla.App.1994), which are inconsistent with this opinion. We hold that the order nunc pro tunc entered by the Workers' Compensation Court and filed in cause WCC No. 92–22690X is contrary to law and is hereby vacated.

## THE PROCEEDINGS

The Workers' Compensation Court awarded Leslie H. Weber compensation for permanent partial disability to be paid by the State Insurance Fund, insurer for Weber's employer, Robert M. Greer Center, due to an injury that occurred on June 18, 1992. The order awarding workers' compensation benefits provided that the "Special Indemnity Fund Tax shall be paid in the sum of $925.00 or five per cent (5%) by claimant and $925.00 or five per cent (5%) by respondent." The order was filed in the office of the Clerk of the Workers' Compensation Court on October 25, 1993.

On October 5, 1993, the Court of Appeals published its opinion in *Burr v. Snitker*[1] which directed the Workers' Compensation Court to calculate the contributions to the Special Indemnity Fund using the three percent rate in effect on the date of the compen-

---

1. 865 P.2d 1258 (Okla.App.1993), cert. denied Nov. 16, 1993. Like *Burr v. Snitker, McDonald v. M & S Construction, Inc.,* 871 P.2d 1389 (Okla. App.1994) and *Ailey v. D & B Construction,* 855

P.2d 147 (Okla.App.1993), also directed calculation of the contributions to the Special Indemnity Fund at the rate of three percent in effect on the date of injury.

sable injury rather than the five percent rate in effect on the date of the award. Because Weber's compensable injury occurred prior to September 1, 1992, the effective date of the five percent rate, he requested the Workers' Compensation Court to enter an order *nunc pro tunc* modifying "the amount of Special Indemnity Fund Tax to be paid by the claimant to be 3% of the disability award herein rather than the 5% shown on the original order." Upon the authority of *Burr v. Snitker*, on July 13, 1994, the Workers' Compensation Court filed its order nunc pro tunc,[2] ordering:

> That, the order of October 25, 1993, reflected a Special Indemnity Fund Tax of 5% in the amount of $925.00 to be paid by the respondent and by claimant herein. The Court further finds that the appropriate amount of tax in said order should have been 3%, or the sum of $555.60. There has thus been an overpayment Special Indemnity Fund Tax of $370.00. The Oklahoma Tax Commission is hereby ordered to reimburse claimant the sum of $370.00.

On August 1, 1994, a petition for review of the order nunc pro tunc was filed in the name of the Special Indemnity Fund as petitioner by counsel for the State Insurance Fund as petitioner's counsel. The petition challenges the nunc pro tunc order as being void under the doctrine of finality and fundamental due process and challenges *Burr v. Snitker* as being contrary to law. In response to the petition, Weber seeks dismissal of this proceeding for the reason that the Special Indemnity Fund was not a party to the proceeding below and thus has no standing to seek review of the nunc pro tunc order.

## THE STATE INSURANCE FUND HAS STANDING TO MAINTAIN THIS REVIEW PROCEEDING IN THE NAME OF THE SPECIAL INDEMNITY FUND PURSUANT TO 85 O.S.1991, § 175.

■ After raising the standing issue, Weber filed a notice of intent not to file a brief and he has not filed a brief herein.[3] A general rule of appellate procedure is that this Court will not address issues that are not fully argued with citation of authority.[4] However, inquiry into this Court's jurisdiction is an exception.[5]

■ The standing issue requires inquiry into the interests of the State Insurance Fund to bring and prosecute this review proceeding. The State Insurance Fund is the employer's compensation insurer in the proceeding below and, in that capacity, has sufficient interest to seek review of the order nunc pro tunc.[6] However, the petition for review, brief in chief, and all other filings by counsel for the State Insurance Fund are submitted in the name of the Special Indemnity Fund rather than the State Insurance Fund. Hence, the jurisdictional question is: May the State Insurance Fund maintain this review proceeding in the name of the Special Indemnity Fund.

Title 85 O.S.1991, § 175[7] vests in the State Insurance Fund a substantial interest in the

---

2. The Narrative Statement approved by the Workers' Compensation Court provides that "on November 16, 1993 the Supreme Court denied certiorari in *Burr v. Snitker*, 865 P.2d 1258 (Okla. App.1993).... From and After 12–27–93, the Workers' Compensation Court began taxing all cases where injury occurred prior to 9–1–92 at the rate of 3% when adjudicating."

3. In the notice of intent, Weber advises that the "Court has afforded Appellees the opportunity to submit briefs in support of their position that the Appellant in each of these cases has no standing to object to the orders of the Workers' Compensation Court" and that respondent is "willing to accept any resolution this Honorable Court sees fit to hand down in these cases." The style of the notice of intent includes 68 other review proceedings pending before this Court from similar orders nunc pro tunc.

4. *Peters v. Golden Oil Co.*, 600 P.2d 330 (Okla. 1979).

5. *Cate v. Archon Oil Co.*, 695 P.2d 1352 (Okla. 1985).

6. Weber does not complain that the State Insurance Fund is not aggrieved by the order nunc pro tunc. See, *Cleary Petroleum Corp. v. Harrison*, 621 P.2d 528, 530 (Okla.1980), defining an aggrieved party as one whose interest is directly and injuriously affected by the judgment or order sought to be reviewed.

7. Title 85 O.S.1991, § 175 provides:

Special Indemnity Fund. Pursuant to § 175, the State Insurance Fund is charged with the duties to administer and protect the Special Indemnity Fund. The Administrator of the Workers' Compensation Court is required to notify the State Insurance Fund of all proceedings which may affect the Special Indemnity Fund and the State Treasurer is required to allocate funds in the Special Indemnity Fund to the State Insurance Fund for administrative expenses.

Unquestionably, the order nunc pro tunc injuriously affects the Special Indemnity Fund. Hence, the State Insurance Fund, charged with the duties to administer and to protect the Special Indemnity Fund and given the right to notice, is unquestionably aggrieved by the order nunc pro tunc reducing the rate of contribution, whether or not a party to the workers' compensation proceeding.[8] Accordingly, the State Insurance Fund has standing to initiate and maintain this timely filed review proceeding in the name of the Special Indemnity Fund.

We note that Weber does not complain that the parties are not properly designated as required by Rule 1.102, Rules for Appellate Procedure in Civil Cases, 12 O.S.1991, ch. 15, app. 2. Rule 1.102 requires that all parties joining in the petition for review from the Workers' Compensation Court shall be designated as "petitioners." The filings herein unmistakably identify the Special Indemnity Fund as petitioner.[9] Weber's dismissal request is accordingly denied.

## 85 O.S.SUPP.1992, § 173 IS A TAX STATUTE CONTROLLED BY THE PRINCIPLES OF TAXATION LAW.

■ Section 173 of Title 85 was first enacted in 1943,[10] imposing a one percent rate of permanent disability benefits as contributions for the Special Indemnity Fund. Beginning in 1955, the contribution rate has been increased over the years from one percent to five percent. Following the advice of the Attorney General of Oklahoma, each increase in the rate has been applied by the Workers' Compensation Court to all awards ordered after the effective date of the increase without regard to the date of the compensable injury.[11] The most recent increase raised the rate of contributions to the Special Indemnity Fund from three percent to five percent. The pertinent provisions of 85 O.S.Supp.1992, § 173 [12] are:

There is hereby created, for the purposes herein declared, a Special Indemnity Fund to be derived from the following sources:

A. Each mutual or interinsurance association, stock company, the State Insurance Fund, or other insurance carrier writing workers' compensation insurance in this state, and each self-insurer, shall pay to the Oklahoma Tax Commission a sum

---

The State Insurance Fund of the State of Oklahoma shall be charged with the administration and protection of said Special Indemnity Fund and shall be notified by the Administrator of all proceedings which may affect such fund.

Any party interested shall have a right to bring a proceeding in the Supreme Court of the State of Oklahoma to review an award of the Court affecting such Special Indemnity Fund, in the same manner as is now provided by law with reference to other awards by the Court.

Provided further that the State Treasurer shall allocate to the State Insurance Fund out of the Special Indemnity Fund, sufficient funds for administration expenses thereof in amounts to be fixed and approved by the Governor, Attorney General, and Secretary of the State Board for Property and Casualty Rates.

**8.** *Pierson v. Canupp,* 754 P.2d 548 (Okla.1988); *Cleary Petroleum Corp. v. Harrison,* supra note 6;

and *Tisdale v. Wheeler Bros. Grain Co.,* 599 P.2d 1104 (Okla.1979).

**9.** *Tisdale v. Wheeler Bros. Grain Co.,* supra note 8.

**10.** 1943 Okla.Sess.Laws, p. 259.

**11.** On May 25, 1955, the Attorney General of Oklahoma released an opinion addressed to the State Insurance Fund, which interpreted the contributions in § 173 to be in the nature of a tax upon awards and opined that the 1955 increase in the rate of contribution was applicable to all awards entered after the effective date of the increase, citing 84 C.J.S. "Taxation" § 58b, p. 159.

**12.** 1992 Okla.Sess.Laws, ch. 294, § 12. The statute was amended in 1993 Okla.Sess.Laws, ch. 349, § 16, but the pertinent provisions remain unchanged.

equal to five percent (5%) of the total compensation for permanent total disability or permanent partial disability paid out or payable during each quarter-year period of the calendar year. Such payments to the Tax Commission shall be made not later than the fifteenth day of the month following the close of the quarter-year in which compensation is paid or becomes payable. Contributions made by insurance carriers and the State Insurance Fund, under the provisions of the Workers' Compensation Act, to the Special Indemnity Fund shall be considered losses for the purposes of computing workers' compensation rates. . . .

C. Where an award has been made by the Court, or any payments in lieu thereof, for compensable injury for a permanent total disability or a permanent partial disability, the employer or insurance carrier shall pay to such employee ninety-five percent (95%) of the same and the remaining five percent (5%) thereof shall be paid by such employer to the Oklahoma Tax Commission. Such payments to the Tax Commission shall be made not later than the fifteenth day of the month following the close of each quarter of the calendar year in which the compensation is paid or became payable.

D. The payments provided for in the foregoing subsections A and C, which aggregate ten percent (10%) of the awards for permanent disability, shall, in the event the award becomes final, accrue and be payable regardless of whether or not the award made to claimant is paid.

E. In making and entering awards for compensation for permanent total disability or permanent partial disability, the Court shall determine and fix the amounts that shall be paid to the Tax Commission under subsections A and C of this section.

The total amount of the deduction so determined and fixed shall have the same force and effect as an award of the Court for compensation and all provisions relating to collection of awards of the Court shall apply to such judgments.

F. It shall be the duty of the Oklahoma Tax Commission to collect the payments provided for herein. The Oklahoma Tax Commission is hereby authorized to bring an action for the recovery of any delinquent or unpaid payments required by this section. The Oklahoma Tax Commission may also enforce payments by proceeding in accordance with the provisions of Section 42 of this title. . . .

I. The refund provisions of Section 227 through 229 of Title 68 of the Oklahoma Statutes shall be applicable to any payments made to the Special Indemnity Fund. Refunds shall be paid from and out of the Special Indemnity Fund. . . .

■ On its face, the above statutory language establishes the Special Indemnity Fund and provides a funding source. Although referred to as a contribution, the funding source for the Special Indemnity Fund is a tax imposed against the successful workers' compensation claimant and the insurer for the claimant's employer, measured by the total amount of the award for permanent disability benefits.[13] The event upon which the Special Indemnity Fund tax is imposed is the accruing of finally adjudicated rights and liabilities in a claim for workers' compensation for permanent disability. The amount is a specified percentage rate of the total benefits awarded to be calculated by the Workers' Compensation Court at the time that court makes and enters its order awarding permanent disability benefits. The tax becomes final and enforceable at the time the

---

13. Section 173 has all the attributes of a taxing statute: legislative imposition, specific rate or amount, and purpose. *Olson v. Oklahoma Tax Commission,* 198 Okla. 607, 180 P.2d 622, 624, wherein this Court found clear legislative intent to levy a tax expressed where there "is no uncertainty as to the amount of the tax, as to what property it shall be imposed upon, or as to the persons who shall remit the tax." Also, legislative intent that the section raises revenue was

specified in the title to the 1945 measure: "AN ACT . . . creating a Special Indemnity Fund; requiring certain contributions thereto; providing for the manner of raising, expending or administering such Special Indemnity Fund; . . ." 1943 Okla.Sess.Laws, p. 259. The title to a measure may be used as an aid in determining legislative intent. *Naylor v. Petuskey,* 834 P.2d 439 (Okla. 1992).

order awarding permanent disability benefits becomes final.

The manner of payment and enforcement of the Special Indemnity Fund tax is similar to other tax collection mechanisms. Section 173 requires the employer's insurer to pay the amount levied against it and to withhold and remit the amount levied against the successful claimant. The amounts levied are to be paid to the Oklahoma Tax Commission on a date certain after the compensation benefits are paid or become payable and the Commission is authorized to seek judicial enforcement of the amounts levied and unpaid. Claims for refunds of amounts erroneously paid to the Oklahoma Tax Commission are authorized to be made pursuant to 68 O.S.1991, §§ 227–229, a tax refund procedure.

Accordingly, the contributions to the Special Indemnity Fund required in § 173 constitute a tax. The taxing provisions of 85 O.S.Supp.1992, § 173 are controlled by established principles of taxation law.

## WORKERS' COMPENSATION BENEFITS FOR PERMANENT DISABILITY ARE TAXED AT THE STATUTORY RATE IN EFFECT AT THE TIME THE WORKERS' COMPENSATION COURT MAKES AND ENTERS THE AWARD.

■ Notwithstanding the historical application of increases in the rate of contributions for the Special Indemnity Fund, the Court of Appeals determined that the 1992 increase inappropriately reduced the compensation award.[14] Petitioner contends that *Burr v. Snitker* erroneously applied § 173 in accordance with general principles of compensation law which require benefits for a compensable injury to be determined by the law in effect at the time of the injury.[15]

*Burr* arose out of an accidental injury which occurred on May 31, 1990. The main issue in *Burr* was "whether the trial court erred in failing to commute the attorney fee to a lump sum."[16] *Burr* also determined, without citation of authority, that the amount of tax to be paid by a claimant under § 173 must be determined as of the date of injury, as follows:

> Claimant also raises the issue that the amendment of 85 O.S.Supp.1992, § 173(C) also reduces her award, due to the increase of Special Indemnity Tax from 3% to 5% which she must pay to the Oklahoma Tax Commission. We agree with Claimant that this is an inappropriate reduction of her award, and that the trial court erred in applying the statute as amended to this claim. The increase in tax is more than a procedural change or a change in the means of recoupment.

> *Burr*, 865 P.2d at p. 1260.

Although codified within the workers' compensation statutes, § 173 does not create rights and liabilities which can be viewed as part of the employment contract between the employer and the worker that vest at the time of the compensable injury. The Special Indemnity Fund tax does affect the net amount of the permanent disability benefit which the successful claimant will actually receive, however, it does not alter the permanent disability benefit award. As we have already determined, § 173 imposes a Special Indemnity Fund tax upon workers and insurers, albeit the tax is for the benefit of other injured workers.[17] The successful injured worker and the compensation insurer are taxpayers within the provisions of § 173. As taxpayers, they have no vested rights to pay the tax pursuant to a particular tax scheme.[18]

14. *Burr v. Snitker,* supra note 1.

15. 85 O.S.1991, § 3.6(D); *LeeWay Motor Freight, Inc. v. Wilson,* 609 P.2d 777 (Okla.1980). Compensation statutes, creating rights and obligations between the employer and employee, are viewed as a part of the contract of employment and become vested upon the injurious occurrence. *Magnolia Petroleum v. Watkins,* 177 Okla. 30, 57 P.2d 622 (1936).

16. *Burr v. Snitker,* 865 P.2d at 1259.

17. 85 O.S.1991, § 172, providing for claims against the Special Indemnity Fund.

18. In *In Re Bass' Estate,* 200 Okla. 14, 190 P.2d 800, 805 (1948), upholding the imposition of a more burdensome estate tax levy upon the transfer of beneficial use in lieu of the inheritance tax in effect at the time bare legal title was transferred to the trust, this Court said:

> "The Legislature has the power to change schemes and rates of taxation from time to

Taxpayers must pay the tax pursuant to the law in effect at the time of the taxable event and in accordance with the specified method of payment.[19] The taxable event upon which the Special Indemnity Fund tax is imposed is the accruing of adjudicated rights and liabilities in a claim for permanent disability benefits as determined by the workers' compensation court. Accordingly, the Special Indemnity Fund tax is measured by the rate in effect at the time the workers' compensation court makes and enters its award of permanent disability benefits.

## CONCLUSION

■ The Workers' Compensation Court erred as a matter of law in finding that the appropriate rate of the Special Indemnity Fund tax is three percent of the permanent disability benefits awarded on October 25, 1993 and ordering reimbursement. The order nunc pro tunc on review herein must be vacated. Because we vacate the order, we need not address petitioner's contention that, under the doctrine of finality, the Workers' Compensation Court was without jurisdiction to modify the order awarding compensation and calculating the Special Indemnity Fund tax,[20] nor do we reach the issue whether nunc pro tunc relief was available to change the original tax computations. Portions of *Burr v. Snitker*, 865 P.2d 1258 (Okla.App. 1993), *Ailey v. DNB construction*, 855 P.2d 147 (Okla.App.1993), and *McDonald v. M & S Construction, Inc.*, 871 P.2d 1389 (Okla. App.1994), which are inconsistent with this opinion, are hereby overruled.

**WORKERS' COMPENSATION COURT ORDER NUNC PRO TUNC FILED JULY 13, 1994 IN CAUSE WCC No. 92–22690X VACATED.**

All Justices concur.

time, and no citizen has a vested right in any such scheme. *Thompson building Co. v. Oklahoma Tax Commission*, 192 Okla. 1, 132 P.2d 962; *Essley v. Oklahoma Tax commission*, 196 Okla. 473, 168 P.2d 111."

19. *United States v. Jacobs, Dimack*, 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed. 763 (1939); and *In re Bass' Estate*, supra note 18.

20. The Narrative Statement provides that "Claimant appeared in the present case before a trial judge of the Workers' Compensation Court more than 20 days after the original order

against the employer for permanent partial disability was filed." An order of the Workers' Compensation Court is final and conclusive unless the decision is appealed to the appeal panel, review is sought in the Supreme Court, or the Workers' Compensation Court vacates the order within twenty days after the date a copy is sent to the parties. *Special Indemnity Fund v. Cole*, 834 P.2d 959 (Okla.1992); *Scrappers, Inc. v. Wilson*, 790 P.2d 1116 (Okla.1990); and, *Ferguson, v. Ferguson Motor Company*, 766 P.2d 335 (Okla. 1988).