1999 OK CIV APP 102

**OKLAHOMA SCHOOLS INSURANCE ASSOCIATION, Claimant/Appellant,**

v.

**OKLAHOMA TAX COMMISSION, Respondent/Appellee,**

No. 91,737.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 3, 1999.

Certiorari Denied Oct. 5, 1999.

David Allen Miley, Edmond, Oklahoma, and Cherri Farrar, Oklahoma City, Oklahoma,For Claimant/Appellant,

Thomas E. Kemp, Jr., Dawn Elizabeth Cash, Oklahoma Tax Commission, Oklahoma City, Oklahoma, For Respondent/Appellee.

### *OPINION*

CARL B. JONES, Chief Judge:

¶1 This is a tax refund claim by Appellant, Oklahoma Schools Insurance Association, (OSIA) for taxes paid to the Special Indemnity Fund pursuant to Workers' Compensation Orders dated September 15, 1994 to June 14, 1996. OSIA asserted that the overpayment of taxes had occurred because the Worker's Compensation Orders erroneously set the tax rate at 5% pursuant to 85 O.S. Supp.1993 § 173 rather than the statu-

tory rate of 3% which was in effect for self-insured political subdivisions under 85 O.S. 1991 § 174.[1]

¶2 From September 15, 1994 to June 14, 1996, OSIA filed Workers' Compensation Awards Tax Reports and remitted payments pursuant to the court's order. On September 15, 1997, OSIA filed a claim for refund from the Oklahoma Tax Commission (OTC) on the basis that the Workers' Compensation Court had levied an erroneous tax rate because OSIA is a political subdivision and entitled to the rate of 3% as mandated by 85 O.S.1991 § 174. The Central Processing Division of OTC denied the claim on the basis that the OTC had no power to refund the alleged overpayment without orders nunc pro tunc from the Workers' Compensation Court. The OSIA demanded a hearing pursuant to 68 O.S. Supp.1993 § 227. Upon receipt of the notice for hearing, OTC moved to dismiss the claim on the ground that it lacked jurisdiction to amend or reverse an order of the Workers' Compensation Court. A hearing was held on June 18, 1998, before an administrative law judge. On June 22, 1998, the administrative law judge filed a Recommendation of Dismissal based on lack of jurisdiction. The OTC adopted the administrative law judge's recommendation as its final Order on July 23, 1998. It is from that Order that OSIA appeals.

¶3 When an administrative order is appealed, the appellate courts review the entire record made before the administrative agency acting in its adjudicatory capacity to determine whether the findings and conclusions set forth in the agency order are supported by the evidence. The agency's order will be affirmed on appeal if the record contains substantial evidence in support of the facts upon which the decision is based and the order is otherwise free of error. *City of Hugo v. Public Emp. Relations Bd.*, 1994 OK

134, ¶ 9, 886 P.2d 485, 490; *Dugger v. State ex rel. Oklahoma Tax Comm'n*, 1992 OK 105, ¶ 9, 834 P.2d 964, 968.

¶4 The first impression question presented in this case is whether the OTC has jurisdiction to refund an alleged overpayment of taxes when the employer pays the exact tax rate ordered by the Workers' Compensation Court. OSIA argues that section (I) of § 173 and 68 O.S.1991 § 227 vests the OTC with the subject matter jurisdiction to hear its claim for a refund of taxes due to the incorrect percentage being assessed in the Workers' Compensation Order. Both OTC and OSIA rely on *Special Indemnity Fund v. Weber*, 1995 OK 43, ¶ 12, 895 P.2d 292, 297, as supporting their opposing views in the interpretation of § 173.

¶5 In *Weber*, the claimant was awarded permanent disability compensation and the 5% tax rate in effect at the time of the award was imposed pursuant to § 173. Claimant filed a Motion for a Nunc Pro Tunc asserting that the taxable rate should have been the 3% tax rate in effect at the time of his injury. The Workers' Compensation Court granted Claimant's Motion and reduced the tax rate to 3%. The Special Indemnity Fund appealed the Order. The Oklahoma Supreme Court determined that the permanent disability benefits are taxed at the statutory rate in effect at the time the Workers' Compensation Court makes and enters the award. The language from that decision which both parties rely on is: "Claims for refunds of amounts *erroneously paid* to the Oklahoma Tax Commission are authorized to be made pursuant to 68 O.S.1991, §§ 227–229, a tax refund procedure." (emphasis supplied.)[2]

¶6 OSIA argues that because the Legislature made the provisions of 68 O.S. 1991 §§ 227–229 applicable to refunds under

---

1. An Attorney General Opinion discussing this very issue determined that 85 O.S.1991 § 174 did not create a special taxation rate for political subdivisions as it would be unconstitutional. Previous to the 1993 amendment of 85 O.S. § 173, the percentage rate for these two sections had remained the same. Thus, the latest enactment of the Legislature takes precedence as the latest intent of the Legislature. **Opinions of the Attorney General**, No. 96–50 (February 5, 1997).

Title 85 O.S. § 174 was amended in 1996 to conform with the 5% tax rate of § 173.

2. The Oklahoma Supreme Court specifically declined to reach the issue presented in this matter of whether nunc pro tunc relief was available to change the original tax computations.

§ 173 then the Oklahoma Tax Commission is authorized to determine that the wrong tax rate was assessed and refund OSIA accordingly. Under OSIA's analysis, the OTC could amend a Workers' Compensation Court's order at any time. This is contrary to the provisions of 68 O.S.1991 § 227. This section provides a procedure for a refund of taxes that were paid through an error of fact, computation, or a misinterpretation of law. The Court in *Weber* interpreted the language of § 227 to apply to all refunds of amounts *erroneously paid* not for refunds of amounts erroneously assessed. OSIA does not argue that it made an error of fact, computation, or misinterpreted the law in paying its taxes; rather, OSIA challenges the amount of the tax assessment imposed by the Workers' Compensation Court. Accordingly, OSIA does not meet the requirements set forth in § 227 which would confer jurisdiction on the OTC to hear OSIA's claim and determine if an overpayment had occurred.

¶ 7 In determining whether 85 O.S. Supp. 1993 § 173 provides OTC with the authority to amend a Workers' Compensation Court's order, we must review the pertinent sections, which provide:

" ... (A) Each mutual or interinsurance association, stock company, the State Insurance Fund, or other insurance carrier writing workers' compensation insurance in this state, and each self-insurer, shall pay to the Oklahoma Tax Commission a sum equal to five percent (5%) of the total compensation for permanent total disability or permanent partial disability paid out or payable during each quarter-year period of the calendar year....

(C) Where an award has been made by the Court, or any payments in lieu thereof, for compensable injury for a permanent total disability or a permanent partial disability, the employer or insurance carrier shall pay to such employee ninety-five percent (95%) of the same and the remaining five percent (5%) thereof shall be paid by such employer to the Oklahoma Tax Commission....

(E) In making and entering awards for compensation for permanent total disability or permanent partial disability, the Court **shall determine and fix the amounts that shall be paid to the Tax Commission under subsections A and C of this section.** The total amount of the deduction so determined and fixed shall have the same force and effect as an award of the Court for compensation and all provisions relating to the collection of awards of the Court shall apply to such judgments....

(I) The refund provisions of Sections 227 through 229 of Title 68 of the Oklahoma Statutes shall be applicable to any payments made to the Special Indemnity Fund. **Refunds shall be paid from and out of the Special Indemnity Fund.**

(J) ... Beginning January 1, 1994, the Oklahoma Tax Commission shall pay, monthly, to the State Treasurer all monies collected under the provisions of this section to be credited as follows: ninety percent (90%) to the Special Indemnity Fund, ... **The State Treasurer shall pay out of the Special Indemnity Fund only upon the order and direction of the Court of this state acting under the provisions hereof.**"

Under this statutory scheme, the Worker's Compensation Court calculates the appropriate tax to be paid to OTC for the Special Indemnity Fund when a successful claimant receives compensation for permanent total disability or permanent partial disability. OTC's role as outlined by this statute is merely as the collector of the taxes.

¶ 8 Pursuant to the provisions of § 173, the Workers' Compensation Court assesses the amount of tax due on the permanent disability awards, OTC collects the taxes with any tax refunds being paid out of the Special Indemnity Fund, and the State Treasurer pays out of this Fund only upon order of the Court acting under these provisions. The fundamental rule of statutory construction is to discern and, if possible, give effect to the intention and purpose of the Legislature as articulated in the statute. In this discernment, relevant provisions must be considered together and given force and effect in their application to each other, if possible. *May v. National Union Fire Ins. Co.,* 1996 OK 52, ¶ 10, 918 P.2d 43, 47.

¶ 9 Upon review of § 173, we find that the Legislature did not vest OTC with the authority to amend a Workers' Compensation Court's order and without an order from the Workers' Compensation Court, the State Treasurer could not issue a refund. OSIA's appropriate remedy was to have requested an order nunc pro tunc as provided in Rule 39 of the Workers' Compensation Act,[3] if the assessment was a true clerical error as argued by OSIA on appeal. Otherwise, OSIA should have appealed the assessment within the time allowed by 85 O.S. Supp.1997 § 3.6.

¶ 10 AFFIRMED.

HANSEN, P.J., and ADAMS, J., concur.

---

**3.** 85 Ch. 4, App. Supp.1995 Rule 39 of the Workers' Compensation Court Rules, provides in pertinent part:

"A. Within twenty (20) days of the date a final order was sent to the parties the Workers' Compensation Court's power to correct it nunc pro tunc is coextensive with that of the district court. After the lapse of twenty (20) days that power is limited only to correcting facially apparent clerical error or omissions, mathematical miscalculations, and other facially apparent mistakes in recording judicial acts...."