Dear Treasurer Butkin
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask the following question:
 Are disbursement records of the Workers' Compensation Assessment Rebate Fund subject to the Open Records Act, or are they confidential under the general confidentiality statute of the Oklahoma Tax Commission, or some other pertinent State law?
 Introduction
¶ 1 Entities providing workers' compensation insurance coverage are required by 85 O.S. Supp. 2002, § 173[85-173](A)(2) to pay an assessment to the Oklahoma Tax Commission for the Multiple Injury Trust Fund ("formerly known as the Special Indemnity Fund").Id. § 173. This fund compensates employees disabled by a combination of two or more injuries on different occasions, or from different sources. 85 O.S. 2001, § 172[85-172](A)(1). Under certain circumstances, a portion of this assessment may be returned (rebated) to the entity assessed. 68 O.S. Supp. 2002, §6101[68-6101](A). Prior to the passage of House Bill 2752, a credit for workers' compensation assessments was allowed against Oklahoma income taxes. 68 O.S. 2001, § 2357.44[68-2357.44](B) (repealed by 2002 Okla. Sess. Laws ch. 31, § 5).
 House Bill 2752
¶ 2 On April 10, 2002, the Oklahoma Legislature enacted House Bill 2752. 2002 Okla. Sess. Laws ch. 31. Section 1 amended 36O.S. 2001, § 1501[36-1501] to categorize rebates from the Multiple Injury Trust Fund as an asset of an insurance company. Section 2 created new law codified at 68 O.S. Supp. 2002, § 6101[68-6101], specifying the amount of rebate an insurance company is to receive for assessments made to the Multiple Injury Trust Fund. Id. § 6101(A). Section 3 created new law codified at 68 O.S. Supp.2002, § 6102[68-6102] creating the Workers' Compensation Assessment Rebate Fund. Section 4 amended 85 O.S. 2001, § 173[85-173] which provides the mechanism for assessments of insurance companies by the Multiple Injury Trust Fund. Section 5 repealed 68 O.S. 2001,§ 2357.44[68-2357.44], which provided an Oklahoma income tax credit for payments to the Multiple Injury Trust Fund. Section 6 was a standard emergency clause. The question presented here is whether records as to the amount of rebates to a particular entity are open to public inspection.
 The Open Records Act
¶ 3 The Oklahoma Open Records Act's[1] purpose is to "facilitate the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power." 51 O.S. 2001, §24A.2[51-24A.2]. All records of public bodies and public officials must be "open to any person for inspection, copying, and/or mechanical reproduction" unless the records are protected by a privilege of confidentiality. Id. § 24A.5. Absent a specific privilege, records pertaining to the Workers' Compensation Assessment Rebate Fund are open records, subject to inspection.
 The Oklahoma Tax Commission
¶ 4 The Oklahoma Tax Commission is a statutorily created agency of State government. 68 O.S. 2001, § 102[68-102]. "The Tax Commission shall consist of three (3) persons to be appointed by the Governor of the State of Oklahoma by and with the consent of the State Senate of the State of Oklahoma." Id. "The Oklahoma Tax Commission shall appoint an administrator who shall serve at the pleasure of the Commission and who shall be the administrative officer of the Commission and manage the activities of the employees provided for in Sections 104 and 105 of this title [Title 68]." Id.
¶ 5 Your question seeks to determine the extent of any exceptions to the statutory requirement that the records and files of the Oklahoma Tax Commission pertaining to any State tax law are confidential and privileged. 68 O.S. 2001, § 205[68-205](A) provides:
 The records and files of the Oklahoma Tax Commission concerning the administration of the Uniform Tax Procedure Code [68 O.S. 2001 Supp. 2002, §§ 201
— 263] or of any state tax law shall be considered confidential and privileged, except as otherwise provided for by law, and neither the Tax Commission nor any employee engaged in the administration of the Tax Commission or charged with the custody of any such records or files nor any person who may have secured information from the Tax Commission shall disclose any information obtained from the records or files or from any examination or inspection of the premises or property of any person.
Id. (emphasis added). Subsection (C) carves out twenty-five exceptions to this confidentiality requirement, none of which relate to the Workers' Compensation Assessment Rebate Fund.
¶ 6 Subsection (F) imposes a strict construction standard in interpreting this confidentiality statute:
 It is further provided that the provisions of this section shall be strictly interpreted and shall not be construed as permitting the disclosure of any other information contained in the records and files of the Tax Commission relating to income tax or to any other taxes.
Id. (emphasis added). Additional exceptions to the non-disclosure requirement of 68 O.S. 2001, § 205[68-205] can be found both within[2] and outside of[3] Title 68 of the Oklahoma Statutes, none of which are pertinent to this discussion. There is no exception to this statute for the disclosure of records of the "Workers' Compensation Assessment Rebate Fund." See 68 O.S. 2001, § 205[68-205].
 Discussion
¶ 7 The Multiple Injury Trust Fund was formerly known as the Special Indemnity Fund.[4] The Oklahoma Supreme Court opined that payments to the fund constitute a tax:
 On its face, the above statutory language [85 O.S. Supp. 1992, § 173[85-173]] establishes the Special Indemnity Fund and provides a funding source. Although referred to as a contribution, the funding source for the Special Indemnity Fund is a tax imposed against the successful workers' compensation claimant and the insurer for the claimant's employer, measured by the total amount of the award for permanent disability benefits. [FN13][5] The event upon which the Special Indemnity Fund tax is imposed is the accruing of finally adjudicated rights and liabilities in a claim for workers' compensation for permanent disability. The amount is a specified percentage rate of the total benefits awarded to be calculated by the Workers' Compensation Court at the time that court makes and enters its order awarding permanent disability benefits. The tax becomes final and enforceable at the time the order awarding permanent disability benefits becomes final.
 The manner of payment and enforcement of the Special Indemnity Fund tax is similar to other tax
collection mechanisms. Section 173 requires the employer's insurer to pay the amount levied against it and to withhold and remit the amount levied against the successful claimant. The amounts levied are to be paid to the Oklahoma Tax Commission on a date certain after the compensation benefits are paid or become payable and the Commission is authorized to seek judicial enforcement of the amounts levied and unpaid. Claims for refunds of amounts erroneously paid to the Oklahoma Tax Commission are authorized to be made pursuant to 68 O.S. 1991, §§ 227[68-227] — 229, a tax refund procedure.
Accordingly, the contributions to the Special Indemnity Fundrequired in § 173 constitute a tax. The taxing provisions of 85O.S. Supp. 1992, § 173[85-173] are controlled by established principlesof taxation law.
 Special Indem. Fund v. Weber, 895 P.2d 292, 296-97 (Okla. 1995) (emphasis added).[6] Refunds of payments from and out of the Multiple Injury Trust Fund are subject to the provisions of 68 O.S. 2001, §§ 227[68-227] — 229, which are included within the Uniform Tax Procedure Code.[7]
¶ 8 The statutory provision for the Workers' Compensation Assessment Rebate Fund provides:
 There is hereby created within the State Treasury a special fund for the Oklahoma Tax Commission to be designated the "Workers' Compensation Assessment Rebate Fund". The Oklahoma Tax Commission is hereby authorized and directed to withhold a portion of the taxes levied and collected pursuant to Section 2355 of Title 68 of the Oklahoma Statutes for deposit into the fund. The amount deposited shall be appropriate to pay the rebates provided for in Section 2 of this act. [Title 68, § 6101]. All of the amounts deposited in such fund shall be used and expended by the Oklahoma Tax Commission solely for the purpose of payment of rebates authorized by Section 2 of this act. The liability of the State of Oklahoma to make the rebate payments under Section 2 of this act shall be limited to the balance contained in the fund created by this section.
68 O.S. Supp. 2002, § 6102[68-6102] (emphasis added). Six other special funds exist within the State Treasury for the Oklahoma Tax Commission.[8] Of the seven "special" funds "created within the State Treasury . . . for the Oklahoma Tax Commission," only one is exempt from the strict requirements of 68 O.S. 2001, §205[68-205]. Id. § 205(C)(23). When the "Quality Jobs Program Incentive Payment Fund" was created by the Oklahoma Legislature in 1993,[9] an exception to the 68 O.S. 2001, § 205[68-205]
non-disclosure provision was provided in Subsection (C)(23).[10] No disclosure exception was provided in the enactment of the other "special" funds.[11]
¶ 9 The object of statutory interpretation is to discern legislative intent. Neer v. Okla. Tax Comm'n, 982 P.2d 1071,1078 (Okla. 1999) (citations omitted). Where a statutory provision is "plain and unambiguous, and the meaning clear and unmistakable, no justification exists" to substitute a different meaning. Id. When reviewing a statute for its meaning, "relevant provisions must be considered together, where possible, to give force and effect to each." Ledbetter v. Okla. AlcoholicBeverage Laws Enforcement Comm'n, 764 P.2d 172, 179 (Okla. 1988).
¶ 10 We conclude that the Legislature does not intend that information from the Workers' Compensation Assessment Rebate Fund be disclosed. The Oklahoma Supreme Court in 1995 ruled that payments to the Special Indemnity Fund (now known as the Multiple Injury Trust Fund, 85 O.S. Supp. 2002, § 173[85-173]) constituted a tax. Special Indem. Fund, 895 P.2d at 296-97. The refund of payments from the fund is subject to the Uniform Tax Procedure Code. 85 O.S. Supp. 2002, § 173[85-173](H). In creating the Workers' Compensation Assessment Rebate Fund, the Legislature did not provide an exemption in 68 O.S. 2001, § 205[68-205], as it did when it enacted the Quality Jobs Program Incentive Payment Fund in 1993.Id. § 205(C)(23). "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." City of Duncan v. Bingham, 394 P.2d 456,460 (Okla. 1964).
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Records of the Oklahoma Tax Commission regarding the Workers' Compensation Assessment Rebate Fund are not subject to the Open Records Act, 51 O.S. 2001 and Supp. 2002, §§ 24A.1 — 24A.26, but instead are confidential and cannot be disclosed except where specifically authorized. 68 O.S. 2001, § 205(A).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DAVID L. KINNEY Assistant Attorney General
[1] 51 O.S. 2001 Supp. 2002, §§ 24A.1-24A.26.
[2] 68 O.S. 2001, § 205.1[68-205.1](A), (B); 68 O.S. 2001, §238.1[68-238.1](E); 68 O.S. Supp. 2002, § 264[68-264]; 68 O.S. 2001, §500.63[68-500.63](C)(7).
[3] 3A O.S. 2001, § 422[3A-422](G); 47 O.S. Supp. 2002, § 1109[47-1109]
(E); 47 O.S. 2001, § 1146[47-1146](B).
[4] See 85 O.S. Supp. 2002, § 173[85-173].
[5] Section 173 has all the attributes of a taxing statute: legislative imposition, specific rate or amount, and purpose.Olson v. Oklahoma Tax Commission, 198 Okla. 607,180 P.2d 622, 624, wherein this Court found clear legislative intent to levy a tax expressed where there "is no uncertainty as to the amount of the tax, as to what property it shall be imposed upon, or as to the persons who shall remit the tax." Also, legislative intent that the section raises revenue was specified in the title to the 1945 measure: "AN ACT . . . creating a Special Indemnity Fund; requiring certain contributions thereto; providing for the manner of raising, expending or administering such Special Indemnity Fund; . . ." 1943 Okla. Sess. Laws, p. 259. The title to a measure may be used as an aid in determining legislative intent. Naylor v. Petuskey, 834 P.2d 439 (Okla. 1992).
Special Indem. Fund v. Weber, 895 P.2d 292, 296-97 n. 13 (Okla. 1995).
[6] See also Olustee Coop. Ass'n v. Okla. Wheat UtilizationResearch Mkt. Dev. Comm'n, 391 P.2d 216, 218 (Okla. 1964).
[7] 85 O.S. Supp. 2002, § 173[85-173](H).
[8] "Oklahoma Local Development and Enterprise Zone Incentive Leverage Act Incentive Payment Fund," 62 O.S. 2001, § 845[62-845]; "Quality Jobs Program Incentive Payment Fund," 68 O.S. 2001, §3605[68-3605]; "Saving Quality Jobs Premium Payment Fund," 68 O.S. 2001,§ 3706[68-3706]; "High Impact Projects Payments Fund," 68 O.S. 2001, §3709[68-3709]; "Former Military Facility Projects Fund," 68 O.S. 2001, §3803[68-3803]; "Small Employer Quality Jobs Incentive Payment Fund," 68O.S. 2001, § 3906[68-3906].
[9] 1993 Okla. Sess. Laws ch. 275, § 5.
[10] Title 68 O.S. 2001, § 205[68-205](C)(23) provides:
 The provisions of this section shall not prevent the Tax Commission from disclosing the following information and no liability whatsoever, civil or criminal, shall attach to any member of the Tax Commission or any employee thereof for any error or omission in the disclosure of such information:
. . . .
 The furnishing of information regarding incentive payments made pursuant to the provisions of Sections 3601 through 3609 [Oklahoma Quality Jobs Program Act] of this title or incentive payments made pursuant to the provisions of Sections 3501 through 3508 [Oklahoma Federal Facilities Development Act] of this title[.]
Id.
[11] "Oklahoma Local Development and Enterprise Zone Incentive Leverage Act Incentive Payment Fund," 2000 Okla. Sess. Laws ch. 339, § 14 (codified at 62 O.S. Supp. 2000, § 845[62-845]); "Saving Quality Jobs Premium Payment Fund" and "High Impact Projects Payments Fund," 1994 Okla. Sess. Laws ch. 322, §§ 6, 9 (codified at 68 O.S. Supp. 1994, §§ 3706[68-3706], 3709); "Former Military Facility Projects Fund," 1994 Okla. Sess. Laws ch. 363, § 3 (codified at 38 O.S. Supp. 1994, § 3803[38-3803]); "Small Employer Quality Jobs Incentive Payment Fund," 1997 Okla. Sess. Laws ch. 419, § 6 (codified at 68 O.S. Supp. 1997, § 3906[68-3906]).